The STATE of Texas, Harris County, and Janie Reyes, Appellants,

v.

Ray HARDY, Harris County District Clerk, Appellee.

No. 01–88–01010–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 13, 1989.

Jim Mattox, Atty. Gen., Mary F. Keller, First Asst. Atty. Gen., Javier P. Guajardo, Asst. Atty. Gen., and Eric H. Nelson, Beatrice Mladenka–Fowler, Nelson, Locke & Fowler, Houston, for appellants.

Gregg K. Saxe, P.C., Houston, for appellee.

Before WARREN, DUNN and HUGHES, JJ.

OPINION

DUNN, Justice.

The sole question in this appeal is whether Texas Revised Civil Statute Annotated article 2372h–12 (Vernon Supp.1989) ("article 2372h–12") is constitutional.

The 70th Texas Legislature enacted article 2372h–12, which requires Commission-

ers Courts in populous counties to develop and establish avenues to review employee grievances concerning wages, hours, or conditions of work. This article protects employees, through review by a district court of appropriate venue, against retaliation for resorting to the established grievance procedures. The Harris County Commissioners Court established a grievance procedure, providing for a seven-step appeal process.

Two Harris County deputy district clerks filed grievances according to the procedures established by the Harris County Commissioners Court. In response, Ray Hardy, Harris County District Clerk ("Hardy"), filed suit for injunctive relief and a declaratory judgment. Hardy challenged the constitutionality of article 2372h–12 on the basis that it violates the separation of powers doctrine, article II, § 1 of the Texas Constitution. The trial court granted a temporary restraining order against Harris County from holding hearings on grievances from any of Hardy's deputy district clerks. On December 25, 1987, the court entered a temporary injunction against Harris County, and on September 6, 1988, the trial court entered a final judgment, permanently enjoining Harris County from holding grievance hearings on Hardy's deputy clerks. The court, in its final judgment, declared that article 2372h–12 is unconstitutional as violative of article II, § 1 of the Texas Constitution.

In deciding whether a statute is constitutional, a court must begin with a presumption in favor of the validity of the legislation. *Spring Branch I.S.D. v. Stamos*, 695 S.W.2d 556, 558 (Tex.1985), *appeal dismissed*, 475 U.S. 1001, 106 S.Ct. 1170, 89 L.Ed.2d 290 (1986); *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983). A mere difference of opinion is not a sufficient basis for striking down legislation as arbitrary or unreasonable. 648 S.W.2d at 664.

The court, in *Coates v. Windham*, 613 S.W.2d 572 (Tex.Civ.App.—Austin 1981, no writ), acknowledged that article II creates "a *principle* of government and not a rigid classification as in a table of organization." The court further recognized that the con-

stitution blends legislative, executive, and judicial powers in a great many ways. 613 S.W.2d at 576. *Coates* recognized that the proper interpretation of the separation of powers clause is that the provision prohibits a transfer of a whole mass of powers from one department to another, and it prohibits a person of one branch from exercising a power historically or inherently belonging to another department.

It may not be interpreted in a way that prevents cooperation or coordination between two or more branches of government, hindering altogether any effective governmental action. It was designed, as were other checks and balances, to prevent excesses. *State Board of Insurance v. Betts*, 158 Tex. 83, 308 S.W.2d 846 (1958).

613 S.W.2d at 576.

In *Government Services Insurance Underwriters v. Jones*, 368 S.W.2d 560, 564 n. 3 (Tex.1963), the court quoted 1 Story, *Commentaries on the Constitution of the United States* 368, § 525 (3d ed. 1858):

[W]hen we speak of a separation of the three great departments of government, and maintain, that separation is indispensable to public liberty, we are to understand this maxim in a limited sense. It is not meant to affirm, that they must be kept wholly and entirely separate and distinct, and have no common link of connection or dependence, the one upon the other, in the slightest degree. The true meaning is, that the whole power of one of these departments should not be exercised by the same hands, which possesses the whole power of either of the other departments. . . .

■ Hardy argues that the district clerk is a part of the judicial branch of government, pursuant to article V, § 9 of the Texas Constitution. The clerk "is an integral part of the court and his actions performed within the scope of his official duties are the acts of the courts." Although the office of district clerk is created by the constitution, the clerk's duties are defined by the legislature. Essentially, the clerk is the custodian and supervisor of all of the records of the court. Tex.Gov't

Code Ann. § 51.303 (Vernon 1988). It follows that his responsibilities may be broadened or narrowed by legislative enactment.

■ According to the interpretive commentary to article II, § 1 of the constitution, "the judicial power ascertains and enforces the law as created by the legislative power." Tex. Const. art. II, § 1, interp. commentary (Vernon 1984).

"Judicial power" as envisioned by the Constitution embraces "(1) The power to hear facts, (2) the power to decide the issues of fact made by the pleadings, (3) the power to decide the questions of law involved, (4) the power to enter a judgment on the facts found in accordance with the law as determined by the court, (5) and the power to execute the judgment or sentence." *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 645 (1933); quoted with approval in *State Farm Mutual Automobile Ins. Co. v. Worley,* 346 S.W.2d 407, 409 (Tex.Civ.App.—El Paso 1961).

*Kelley v. State,* 676 S.W.2d 104, 107 (Tex. Crim.App.1984). While the district clerk is an integral part of the judicial branch of government, his powers are not "judicial powers" as contemplated by the constitution. Therefore, any encroachment upon his powers does not constitute a "transfer of a whole mass of powers from [the judicial] department to another." *Coates,* 613 S.W.2d at 576.

■ Hardy claims that the clerk has a constitutional duty to supervise his deputies. The office of the district clerk is created by constitution. Tex. Const. art. V, § 9. However, the clerk's power to appoint deputies to perform in his name is legislatively created. Tex.Gov't Code Ann. § 51.309 (Vernon 1988). Furthermore, in order to standardize and effectuate such matters as hours of work, vacations, holidays, sick leave, compensation, etc., the legislature has seen fit to place the responsibility of their implementation with the Commissioners Court, as specified by the legislature. Tex.Loc.Gov't Code Ann. chs. 151–158 (Vernon 1988).

■ Hardy argues that article 2372h–12 takes from the district clerk, and gives to the Commissioners Court, the clerk's powers to appoint, discharge, and supervise his deputies and to maintain internal control over the responsibilities of his office, in violation of the separation of powers clause. We disagree.

Article 2372h–12 merely provides for standardized procedures in handling grievances. A grievance is defined, and, therefore limited by article 2372h–12, to a claim that an employee was adversely affected by a "violation, misinterpretation, misapplication, or disparity in the application of a specific law, ordinance, resolution, written or unwritten policy, rule, or regulation *regarding wages, hours of work, or conditions of work.*" (Emphasis added.) We find no language in article 2372h–12 that takes from the district clerk, and gives to the Commissioners Court, the clerk's powers to appoint, discharge, and supervise his deputies and to maintain internal control over the responsibilities of his office.

We find that article 2372h–12 does not violate the separation of powers doctrine, article II, § 1 of the Texas Constitution.

The appellants' first point of error is sustained.

Appellants Harris County and Janie Reyes bring a second point of error, arguing that deputy clerks are "employees" within the meaning of the statute and, therefore, protected by the provisions thereof. However, the parties have stipulated to the Court that the only question for our review is whether the statute is facially constitutional. We are not asked to rule upon any particular application of the statute.

The judgment of the trial court is reversed and the cause remanded.