**Dorthea CLARK, Appellant,**

v.

**The Honorable Everett YOUNG, Judge, 297th District Court; Civil Service Commission of Tarrant County, Texas; Tarrant County, Texas; Jim Causey, Auditor of Tarrant County, Texas; and Barbara Davis, Appellees.**

**No. 2–89–067–CV.**

Court of Appeals of Texas, Fort Worth.

March 21, 1990.

Brender & Colosi and Art Brender, Fort Worth, for appellant.

Michael D. Mitchell, Arlington, for appellee Barbara Davis.

Tim Curry, Crim. Dist. Atty. and Ray Rike, Asst. Crim. Dist. Atty., Fort Worth, for Civ. Service Com'n Tarrant County, and Jim Causey.

D. Nicholas Acuff & Associates and D. Nicholas Acuff, Fort Worth, for Everett Young.

## OPINION

HILL, Justice.

Dorthea Clark appeals from the judgment of the trial court which denied her request for declaratory judgment that she be reinstated as coordinator of the 297th District Court, and her request for a temporary injunction permitting her to remain as coordinator for that court. In her sole point of error, Clark contends that the trial court erred in concluding that court coordinators are not included within the scope of Chapter 158 of the Texas Local Government Code, which provides civil service coverage to certain county employees.

■ We affirm, because we find that court coordinators serve at the pleasure of the judge for whom they serve, and are therefore not subject to civil service since the statute that established that office and provided that the coordinator was "to serve at the judge's pleasure" was enacted subsequent to the law providing for the expansion or dissolution of civil service in certain counties of the state.

Dorthea Clark served as the court coordinator of the 297th District Court before and during the 1988 elections. The judge for whom she served was defeated in those elections by Everett Young. Upon taking office, Judge Young replaced Clark as his coordinator, without cause. She filed a grievance with the Civil Service Commission of Tarrant County. The Commission held a hearing and ordered that Clark be reinstated. Judge Young brought a declaratory judgment action and a request for injunctive relief. Clark responded with a counterclaim and cross-claim in which she also sought a declaratory judgment and injunctive relief. The trial court entered a judgment that the district court coordinators of Judge Young's court and another district court, not involved in this appeal, were not subject to civil service, and therefore Clark's successor was the duly appointed court coordinator of the 297th District Court.

Section 158.007 of the Texas Local Government Code was first enacted on May 26, 1985, as an amendment to article 2372h–6 of Vernon's Texas Civil Statutes. Acts 1985, 69th Leg., ch. 713, sec. 4. It was reenacted on May 1, 1987, as part of the Local Government Code continuing statutory revision program, and is therefore a nonsubstantive revision. Acts 1987, 70th Leg., ch. 149, sec. 1. The Act provided for an election to either dissolve or expand the county civil service system in counties, like Tarrant, whose population is in excess of 800,000. Court coordinators were not among the various offices listed as exceptions in the event voters chose to expand the system, nor was the office of court coordinator in existence at the time of the statute's enactment. Tarrant County voters voted in 1988 to expand the system.

Section 74.101 of the Texas Government Code was enacted on May 27, 1985, as part of the Court Administration Act. Acts 1985, 69th Leg., ch. 732, sec. 2. On April 30, 1987, the Government Code was amended to incorporate the Court Administration Act. Acts 1987, 70th Leg., ch. 148, sec. 2.93. This was also a nonsubstantive revision. Acts 1987, 70th Leg., ch. 148, sec. 5.01(a). The Act provides for the establishment of a court coordinator system for district and statutory courts, with the coordinators to be appointed by and to serve at the pleasure of the appointing judge.

As we understand the statutory provision that the coordinators serve at the pleasure of the appointing judge, it means that they may be removed without cause, and without notice and hearing. *See Zumwalt v. Trustees of Cal. State Colleges*, 33 Cal.App.3d 665, 674, 109 Cal.Rptr. 344, 349 (1973). It follows that such a provision is inconsistent with the concept of civil service protection. By the same token, if the expansion of civil service applies to court coordinators, that provision is inconsistent with the coordinator serving at the pleasure of the appointing judge.

■ Chapter 311 of the Government Code can assist us in resolving this inconsistency. Section 311.025 of the Texas Government Code provides that if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails. Under this provision, section 74.101 of the Texas Government Code, which deals with court coordinators, must prevail because it was the later statute, enacted in 1985. Although section 158.007 of the Texas Local Government Code, which deals with the expansion of civil service, was reenacted in 1987, one day after the reenactment of the court coordinator provision, both were reenacted as part of a nonsubstantive revision of the statutes. Given that fact, we do not consider section 158.007 as the later of the two statutes to be enacted for the purpose of statutory construction, because we assume section 311.025 rests upon the

presumption that when enacting new law that is in conflict with older law, it is presumed that the legislature intends to amend the older law. In the case of a nonsubstantive revision, one may only presume that the legislature intended to make no change.

■ Clark argues that the legislature's failure to exclude coordinators from the application of section 158.007 of the Texas Local Government Code indicates an intention that they be included. We do not agree, since the office of court coordinator was not created until the day after the original enactment of the statute codified as section 158.007 of the Texas Local Government Code.

■ Clark insists that section 158.007 must prevail since it is a local or special provision, as opposed to the more general provision of section 74.101. She relies on section 311.026 of the Texas Government Code, which provides that in the event of an irreconcilable conflict between a general provision and a special or local provision, the special or local provision prevails unless the general provision is the later enactment and the manifest intent is that the general provision prevail. There is some question as to whether that section is applicable, because the preceding section 311.025, dealt with conflicts between statutes, whereas section 311.026 deals with conflicts in "provisions," indicating that the section is to be used in the event of a conflict in provisions within the same statute. However, we will consider Clark's argument as though the section were applicable.

As we have noted, section 74.101 was the later statute enacted. Assuming, without deciding, that it is a general provision and that section 158.007 is a special or local provision, we must determine if there is a manifest intent that section 74.101 prevail.

The day before the court coordinator bill passed, the legislature had passed the bill which authorized the expansion of civil service. Prior to the passage of that bill, every statutorily designated employee employed by judges and under judicial supervision was specifically exempted from civil service. When the legislature established the office of court coordinators, they would be covered by civil service either in all counties or in those counties with population over 800,000 that expanded the system. If court coordinators, at the time of the creation of this position, would have been covered in all counties, the language in section 74.101 that they serve "at the pleasure of the judge" could have meant nothing other than to indicate that civil service was not to apply to them. In that instance, the statute dealing with conflicts between general and special and local bills would have no application, and even if it did, there would be a manifest intent that court coordinators would not be covered.

If, on the other hand, the newly-created office of court coordinator was not covered generally by civil service, but only in those counties over 800,000 that might vote to expand the system, then there could be no purpose for the language stating that they were to serve at the judge's pleasure other than to indicate that the expansion of civil service was not to apply to them, since the language would have had no purpose or effect in counties that could not or did not expand their civil service system. We, therefore, find that there was a manifest intent that court coordinators were not to be subject to any county civil service system. It follows that section 74.101 of the Texas Government Code must prevail under section 311.026 of the Code as well. Thus, we overrule Clark's sole point of error.

The judgment is affirmed.