ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 1, 2004

The Honorable René Guerra
Hidalgo County Criminal District Attorney
100 North Closner, Room 303
Edinburg, Texas 78539

Opinion No. GA-0243

Re: Whether Hidalgo County deputy district clerks are subject to the provisions of the Hidalgo County civil service plan, and if not, whether the Hidalgo County commissioners court may amend the civil service plan to include deputy district clerks (RQ-0196-GA)

Dear Mr. Guerra:

You ask (1) whether Hidalgo County deputy district clerks are employees subject to the provisions of the Hidalgo County civil service plan, and if not, (2) whether the county commissioners court can amend the plan to specifically include deputy district clerks as plan participants.[1] You inform us that the Hidalgo County district clerk terminated the employment of several deputy district clerks. The former deputy district clerks sought an administrative hearing before the Hidalgo County Civil Service Commission (the "Commission") to challenge the district clerk's actions. The Commission questions whether the deputy district clerks are included in the county's civil service plan. The county commissioners court has inquired whether it may amend the county's civil service plan to include deputy district clerks. See Request Letter, supra note 1, at 1.

Chapter 158, subchapter A of the Local Government Code authorizes counties with a population of 200,000 or more to create a county civil service system to include county employees with certain exceptions not pertinent here. See TEX. LOC. GOV'T CODE ANN. § 158.002 (Vernon 1999). A county civil service system may be created by order of the commissioners court or by an election called for that purpose. See id. §§ 158.003-.004. When a county civil service system has been created under subchapter A, the county commissioners court "shall appoint three persons to serve as the members of the civil service commission that administers the system." Id. § 158.008(a) (Vernon Supp. 2004).

<hr />

[1]See Letter from Honorable René Guerra, Hidalgo County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Mar. 11, 2004) (on file with Opinion Committee, also available at www.oag.state.tx.us) [hereinafter Request Letter].

By defining an "employee," subchapter A delineates who is subject to a county civil service plan. An "employee" under the subchapter is

> a person who obtains a position by appointment and who is not authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right, unless the person is included by a local civil service rule adopted under the procedures outlined in Section 158.009[.]

*Id.* § 158.001(2) (Vernon 1999). The first part of the definition includes employees who hold appointive positions, but excludes "one who (a) performs governmental functions, (b) in his own right, (c) involving some exercise of discretion." *Green v. Stewart*, 516 S.W.2d 133, 135 (Tex. 1974). The exclusion of persons exercising discretionary governmental functions in their own right does not apply, however, if the civil service commission promulgates a rule to include such persons. *See* TEX. LOC. GOV'T CODE ANN. §§ 158.001(2), .009(a) (Vernon 1999).

Chapter 158, subchapter A, defines a "department" as "a county, district, or precinct office or officer, agency, or board that has jurisdiction and control of the performance of employees' official duties." *Id.* § 158.001(3). The subchapter generally permits the head of a "department" to assume responsibility for selecting all department employees. *See id.* § 158.010(a). However, a county's civil service commission is authorized, with certain exceptions not pertinent here, to adopt rules regarding:

> (1) the definition of a county employee;
>
> (2) selection and classification of county employees;
>
> (3) competitive examinations;
>
> (4) promotions, seniority, and tenure;
>
> (5) layoffs and dismissals;
>
> (6) disciplinary actions;
>
> (7) grievance procedures; and
>
> (8) other matters relating to the selection of county employees and the procedural and substantive rights, advancement, benefits, and working conditions of county employees.

*Id.* § 158.009(a).

Chapter 51, subchapter D of the Government Code generally prescribes district clerks' authority with respect to their deputies. *See* TEX. GOV'T CODE ANN. §§ 51.301-.322 (Vernon 1998 & Supp. 2004). Generally, a district clerk appoints deputy district clerks. *See id.* § 51.309(a) (Vernon 1998).[2] The employment of deputy clerks and assistants in Hidalgo, Jefferson, and Nueces Counties is specifically governed by section 51.316 of the Government Code:

> (a) In Hidalgo, Jefferson, and Nueces counties, the district clerk may apply in writing to the district judges in the county to appoint a deputy district clerk or an assistant. The application must state the number of deputies or assistants to be appointed and the probable receipts and disbursements of the office. If a majority of the judges approve the appointment, they shall certify the list to the commissioners court. The application and the order approving the application must be recorded in the minutes of the district court.

> (b) A deputy clerk or assistant appointed under this section shall perform the duties required by the district clerk *and serves at the pleasure of the district clerk. A deputy clerk or assistant may not be employed except as provided by this section.*

> (c) An assistant appointed under this section must take the oath prescribed for officers of this state.

> (d) The salary of an assistant appointed under this section shall be paid out of the general fund or the officers' salary fund of the county. The salary of a court clerk, index clerk, or clerk handling the jury shall be paid out of the general fund or the jury fund.

*Id.* § 51.316(a)-(d) (emphasis added).

You state that the Hidalgo County civil service commission rules define an "employee" as "any person employed by the County and/or the [Hidalgo Drainage] District." Request Letter, *supra* note 1, at 3.[3] You further state that the rules provide that employment of persons subject to the plan "cannot be terminated without notice and a hearing at which the employer must demonstrate cause for termination." *Id.* at 2. You suggest that there is tension between chapter 158 of the Local Government Code, which authorizes a county civil service plan, and section 51.316(b) of the

---

[2]In other contexts, two courts have stated that the district clerk controls the hiring and firing of deputy clerks. *See County v. Louvier*, 956 S.W.2d 106, 110 n.8 (Tex. App.–Houston [14th Dist.] 1997, no pet.) (concerning governmental and official immunity); *State v. Hardy*, 769 S.W.2d 353, 355 (Houston [1ˢᵗ Dist.] 1989, no writ) (concerning grievance procedures in article 2372h-12, the predecessor to chapter 160 of the Local Government Code).

[3]*See also* HIDALGO COUNTY, TEXAS, CIVIL SERVICE COMM'N RULES, at 7, *available at* http://www.co.hidalgo.tx.us/docs/rules.pdf.

Government Code, which provides that deputies in Hidalgo County serve at the pleasure of the district clerk. *See id.* at 3.

A threshold issue is whether deputy district clerks may be considered county employees. Under chapter 158 of the Local Government Code, whether a person is subject to the county civil service system depends primarily on whether the person is an employee as defined in that chapter. *See* Tex. Att'y Gen. LO-92-048, at 4. Section 158.002 states that counties with more than 200,000 in population may create a county civil service system "to include all the employees of the county," with certain exceptions. TEX. LOC. GOV'T CODE ANN. § 158.002 (Vernon 1999). Therefore, the definition of "employee" in section 158.001 implicitly requires that the person be an employee of the county. A 1972 opinion from this office determined that all deputies of county officials, including deputy district clerks, are employees subject to a civil service system. *See* Tex. Att'y Gen. Op. No. M-1088 (1972) at 3.[4] However, that opinion focused solely on the fact that deputies exercise authority in the right of their principal and did not address whether deputy district clerk's are employees of the county. *See id.* at 2.

In section 158.001(3) of the Local Government Code, "department" is defined to include a district office or officer. *See* TEX. LOC. GOV'T CODE ANN. § 158.001(3) (Vernon 1999). The plain language of the statute is sufficiently broad to include employees of the district clerk's office. Moreover, the commissioners court has authority over "such matters as hours of work, vacations, holidays, sick leave, compensation," and similar employee matters concerning the district clerk's office. *State v. Hardy*, 769 S.W.2d 353, 355 (Houston [1st Dist.] 1989, no writ). *Compare with* Tex. Att'y Gen. Op. No. JC-0254 (2000) at 5 (determining that community supervision and corrections department employees, selected and paid by judicial district, are not county employees). Consequently, we conclude that employees of the district clerk's office may be considered county employees for purposes of chapter 158.

Your specific question is whether county civil service protection may be reconciled with section 51.316(b) of the Government Code, which provides that deputy district clerks serve at the district clerk's pleasure. Similar statutes providing that a particular employee "serves at the pleasure" of the appointing authority have been interpreted to mean that the employee "may be removed without cause, and without notice and hearing." *Clark v. Young*, 787 S.W.2d 166, 168 (Tex. App.–Fort Worth 1990, writ denied); *see also Abbott v. Pollock*, 946 S.W.2d 513, 516-17 (Tex. App.–Austin 1997, writ denied) (provision that "deputy sheriffs 'serve at the pleasure of the sheriff'" created an at-will relationship (citation omitted)). A statute providing for at-will employment of an employee irreconcilably conflicts with civil service protections. *See Clark*, 787 S.W.2d at 168.

---

[4]Attorney General Opinion M-1088 has been overruled in part by subsequent opinions from this office. *See* Tex. Att'y Gen. Op. Nos. H-619 (1975) at 2-4 (determining that assistant county purchasing agents are subject to civil service statutes, but not adult probation officers and assistant county auditors); H-985 (1977) at 3 (determining that deputy sheriffs were not subject to the then-existing civil service statutes).

In *Clark,* the court of appeals resolved the conflict between a statute authorizing at-will employment of a court coordinator and the statutes creating county civil service systems by applying sections 311.025 and 311.026 the Code Construction Act. *See id.* at 168-69. Under section 311.025 of the Code Construction Act, when statutes enacted at the same or different sessions irreconcilably conflict, the later-enacted statute prevails. *See* TEX. GOV'T CODE ANN. § 311.025 (Vernon 1998). However, when a special or local provision irreconcilably conflicts with a general provision, section 311.026 directs that the special provision prevails as an exception to the general provision, "unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* § 311.026(b). The court of appeals in *Clark* determined that the statute creating at-will employment should prevail over the general civil service statutes under both sections 311.025 and 311.026 of the Code Construction Act because (1) the at-will statute was the later enacted act, and (2) regardless of which statute was general and which specific, neither manifested an intent that court coordinators were to be subject to a county civil service system. *See Clark,* 787 S.W.2d at 168-69.

Here, section 51.316(b) of the Government Code, applicable only to the deputy district clerks and assistants in three counties, is special or local in nature. The legislature expressly designated a predecessor statute that applied only to certain counties within a specified population bracket as a special law. *See* Act of May 29, 1939, 46th Leg., R.S., ch. 8, § 1, 1939 Tex. Spec. Laws 742, 742-43. Therefore, under section 311.026(b) of the Code Construction Act, section 51.316 will prevail as an exception to irreconcilably conflicting general laws unless the general law is (1) more recently enacted and (2) manifestly intended to prevail. *See* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 1998). *See also Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 901 (Tex. 2000) (applying "traditional statutory construction principle that the more specific statute controls over the more general").

Determining which is the more recently enacted legislation, section 51.316(b) of the Government Code or the civil service statutes in chapter 158 of the Local Government Code, is somewhat problematic. The general provisions for a county civil service system, including the definition of "employee," were enacted in 1971. *See* Act of May 14, 1971, 62d Leg., R.S., ch. 262, §§ 1-14, 1971 Tex. Gen. Laws 1151, 1151-54. The most recent legislative enactment concerning section 51.316 of the Government Code is its codification into the Government Code in 1985. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 51.316, 1985 Tex. Gen. Laws 1720, 1982-83. However, section 27 of the 1985 act expressly states that the codification was intended as nonsubstantive. The court in *Clark* disregarded nonsubstantive codifications when determining the latest expression of legislative intent. *See Clark,* 787 S.W.2d at 168-69. However, *Clark* predated the Texas Supreme Court's opinion in *Fleming Foods of Texas, Inc. v. Rylander,* which determined that general legislative statements that no substantive change is intended by a recodification will not justify disregarding clear, specific and unambiguous language in the recodification. *See Fleming Foods of Tex., Inc. v. Rylander,* 6 S.W.3d 278, 284-85 (Tex. 1999).

The legislature did more than codify existing law when it enacted section 51.316. The statute it replaced provided:

(h-2) In any county of this State with a population of two hundred fifty thousand (250,000) inhabitants and over and less than three hundred twenty-five thousand (325,000) inhabitants, according to the last preceding Federal Census, the District Clerk may make written application to the District Judges of said county for the appointment of assistants and/or deputies and the salaries to be paid same, setting forth the number of assistants and/ or deputies sought to be appointed and the salary to be paid each, such salaries to be not more than allowed by law in Senate Bill 5, Acts of the Forty-fourth Legislature, Second Called Session, and amendments thereto. Said application shall be accompanied by a statement showing the probable receipts and disbursements of said office, and shall be presented to the District Judges, who shall then carefully consider same; and, if, after such consideration, a majority of the District Judges shall approve the appointments sought to be made, and shall also approve the salary to be paid each, they shall certify said list to the Commissioners' Court of said county; and said application and the order of the District Judges thereon shall be recorded in the minutes of the District Court.

The Commissioners' Court shall thereupon order the amount approved to be paid from the General Fund, officers' salary fund, or any other fund of the county, as herein provided, upon the performance of the services required, and said Commissioners' Court shall appropriate adequate funds for that purpose. All assistants to the District Clerk shall be paid from the General Fund of the county or the Officers's Salary Fund, as per the order of the Commissioners' Court, except as herein provided; and be it further provided that the Commissioners' Court may authorize that the court clerks, the index clerk, and the clerk handling the jury in each such county can be paid either from the General Fund or the Jury Fund of said county.

The deputies appointed by the District Clerk shall be authorized to discharge such duties as may be assigned to them by the District Clerk and provided for by law, and all of said assistants shall take the oath of office for faithful performance of duty. The District Clerk shall have the right to discontinue the services of any assistants employed in accordance with the provisions of this Article, but no assistant shall be employed except in the manner herein provided. In like manner, the Judges of the District Court may authorize the appointment of additional assistants when, in the judgment of the District Clerk, a necessity exists therefor.

Act of May 29, 1939, 46th Leg., R.S., ch. 8, § 1, 1939 Tex. Spec. Laws 742, 742-43 (former article 3912e-(h-2), Revised Civil Statutes), *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 26, 1985 Tex. Gen. Laws 1720, 2049. Section 51.316 now provides:

> (a) In Hidalgo, Jefferson, and Nueces counties, the district clerk may apply in writing to the district judges in the county to appoint a deputy district clerk or an assistant. The application must state the number of deputies or assistants to be appointed and the probable receipts and disbursements of the office. If a majority of the judges approve the appointment, they shall certify the list to the commissioners court. The application and the order approving the application must be recorded in the minutes of the district court.
>
> (b) A deputy clerk or assistant appointed under this section shall perform the duties required by the district clerk and serves at the pleasure of the district clerk. A deputy clerk or assistant may not be employed except as provided by this section.
>
> (c) An assistant appointed under this section must take the oath prescribed for officers of this state.
>
> (d) The salary of an assistant appointed under this section shall be paid out of the general fund or the officers' salary fund of the county. The salary of a court clerk, index clerk, or clerk handling the jury shall be paid out of the general fund or the jury fund.

TEX. GOV'T CODE ANN. § 51.136 (Vernon 1998). By changing the statute from a population bracket special law to a law applicable to three specific counties, and revising the terms of employment and payment of salary, the legislature expressed a specific intent that deputy district clerks of those counties serve at the pleasure of the district clerk.

Additionally, even if the civil service statutes are considered the more recently enacted legislation, the mere fact that a general law applies broadly does not by itself manifest an intent to repeal or obviate inconsistent special or local provisions. If that were the case, then later-enacted general laws would always prevail over conflicting special or local laws, and section 311.026(b) would be superfluous. An example of a general statute that was manifestly intended to prevail over a special or local law is discussed in *Harris County Water Control & Improvement District v. Duke*, 59 S.W.3d 333 (Tex. App.–Houston [1st Dist.] 2001, no pet.). In that case, a court of appeals determined that the general provisions of the Tax Code concerning the collection of attorney fees were manifestly intended to prevail over earlier-enacted special provisions of the Water Code. *See Harris County Water Control*, 59 S.W.3d at 337-38. The court so held because the statute enacting the pertinent provision in the Tax Code contained an express proviso repealing inconsistent general, local, and special laws to the extent of conflict. *See id.* at 338 (citing Act of May [26], 1979, 66th Leg., R.S., ch. 841, sec. 6, 1979 Tex. Gen. Laws 2217, 2330). The 1971 legislation enacting the

predecessor to chapter 158 of the Local Government Code does not contain a similar manifestation of intent that it is to prevail over special or local statutes providing for at-will employment. *See* Act of May 14, 1971, 62d Leg., R.S., ch. 262, 1971 Tex. Gen. Laws 1151, 1151-54.

In contrast, this office has previously determined that a 1989 amendment to the civil service statutes did not prevail over an earlier enacted statute, which provided that the personnel of the county attorney's office serve at the will of the county attorney. *See* Tex. Att'y Gen. LO-96-100, at 4. In 1989, section 158.001(2) was amended to allow county civil service commissions to expand the definition of employee. *See* Act of May 22, 1989, 71st Leg., R.S., ch. 881, §§ 1, 3, 1989 Tex. Gen. Laws 3879, 3879-80. This office determined that the 1989 amendment was a general statute and did not prevail over the earlier specific statute because there was no manifestation of intent that it do so. *See* Tex. Att'y Gen. LO-96-100, at 4.

Here, the general provisions of chapter 158 of the Local Government Code do not reveal an intent to prevail over a special or local law such as the specific provision of at-will employment of Hidalgo deputy district clerks in section 51.316 of the Government Code. The answer to your first question is that Hidalgo County deputy district clerks are not employees included in the Hidalgo County civil service plan.

In answer to your second question, the Hidalgo County commissioners court cannot include deputy district clerks in the county civil service plan by amending the plan's definition of an employee. A commissioners court's authority is limited to those powers expressly conferred by the Texas Constitution or statutes or necessarily implied therefrom. *See Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). A county commissioners court has no authority to change employment that is statutorily terminable at will to terminable for cause only. *See Garcia v. Reeves County*, 32 F.3d 200, 203 (5th Cir. 1994); *Abbott*, 946 S.W.2d at 517. Moreover, the Local Government Code gives the county civil service commission, not the commissioners court, authority to adopt and amend plan rules. *See* TEX. LOC. GOV'T CODE ANN. § 158.009(a)(1) (Vernon 1999). And section 158.009(a)(1) authorizes the civil service commission to expand the definition of employee only to include employees who would otherwise be excluded because they exercise governmental functions in their own right. Consequently, neither the commissioners court nor the civil service commission may amend the plan to include deputy district clerks.

### S U M M A R Y

Hidalgo County deputy district clerks are not subject to the provisions of the Hidalgo County civil service plan.  The Hidalgo County commissioners court cannot amend the civil service plan to include deputy district clerks.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee