December 1, 2010

The Honorable Joe Shannon, Jr.
Tarrant County Criminal District Attorney
Tim Curry Criminal Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. GA-0824

Re: Whether a court investigator appointed by a statutory county probate judge is covered by the Tarrant County civil service system

(RQ-0889-GA)

Dear Mr. Shannon:

You ask whether a court investigator appointed by a statutory county probate judge is covered by the Tarrant County civil service system.[1]

Chapter 158 of the Local Government Code provides for the creation of a county civil service system. "A county with a population of 190,000 or more may, in accordance with this subchapter, create a county civil service system to include all the employees of the county who are not exempted from the system by the express terms or judicial interpretations of this subchapter or by the operation of Subchapter B."[2] TEX. LOC. GOV'T CODE ANN. § 158.002 (West 2008). You indicate that, in 1988, Tarrant County voters approved the expansion of its civil service system (the "System") pursuant to section 158.007 of the Local Government Code, which is applicable to counties with a population of more than 1.3 million.[3] Id. § 158.007; Request Letter at 1.

Subchapter A of chapter 158 does not apply to:

> (1) assistant district attorneys, investigators, or other employees of a district or criminal district attorney, except as provided by Section 158.007;
>
> (2) the official shorthand reporter of a court; or

---

[1]Request Letter (available at http://www.texasattorneygeneral.gov).

[2]Subchapter B of chapter 158 is applicable to sheriff's departments in counties with a population of more than 500,000. TEX. LOC. GOV'T CODE ANN. § 158.032 (West 2008).

[3]The population of Tarrant County in 2000 was 1,446,230. U. S. BUREAU OF THE CENSUS, STATE AND COUNTY QUICK FACTS, available at http://quickfacts.census.gov/qfd/states/48/48439.html (last visited Nov. 23, 2010).

>            (3)    an elected or appointed officer under the constitution.

TEX. LOC. GOV'T CODE ANN. § 158.013(b) (West 2008).  A rule adopted by the Tarrant County Civil Service Commission (the "Commission") declares:

>            The Civil Service Rules apply to the employees of all
>     departments[4] that are not specifically exempted under Chapter 158 of
>     the Local Government Code.

TARRANT COUNTY CIVIL SERVICE RULES, RULE 1.13 (Jan. 1998) (footnote added).  Because the position of "probate court investigator" is not listed among the exemptions in section 158.013, one might conclude that a court investigator appointed by a county probate judge is necessarily included within the System.[5]

You contend, however, that a judicial decision and an attorney general opinion may suggest a different result.  Request Letter at 2.  First, you note that a Fort Worth Court of Appeals decision considered whether a court coordinator for a district judge was included within the Tarrant County civil service system.  *Clark v. Young*, 787 S.W.2d 166 (Tex. App.—Fort Worth 1990, writ denied). The court, in holding that a court coordinator for a district judge was not part of the county civil service system, relied on a provision of subchapter E, chapter 74 of the Government Code that established the position of court coordinator:

>            (a)    The local administrative judge and each district or
>     statutory county court judge may establish a court coordinator system
>     and appoint a court coordinator for his court to improve justice and
>     expedite the processing of cases through the courts.
>
>            (b)    Each court coordinator serves at the pleasure of the
>     judge who appointed him.

TEX. GOV'T CODE ANN. § 74.101 (West 2005).  In *Clark*, the court found persuasive the argument that a court coordinator "serve[s] at the pleasure of the judge" who appointed him.  *Clark*, 787 S.W.2d at 169.  The court reasoned, in part, that the fact "that the coordinators serve at the pleasure of the appointing judge . . . means that they may be removed without cause, and without notice and hearing.  It follows that such a provision is inconsistent with the concept of civil service protection." *Id.* (citation omitted).  By contrast, chapter 25 of the Government Code deals with the position of court investigator of a statutory county probate court.  The relevant statute provides:

---

[4]We assume for purposes of this opinion that a probate court investigator is an employee of a county "department."

[5]Indeed, the definition of "employee" for purposes of the civil service statutes is, *inter alia*, "a person who obtains a position by *appointment*."  TEX. LOC. GOV'T CODE ANN. § 158.001 (West 2008) (emphasis added).

> (a)    The judge of a statutory probate court shall appoint a court investigator. One person shall serve as the court investigator for all statutory probate courts in the county unless the commissioners court has authorized additional investigators. The commissioners court may authorize additional court investigators if necessary.
>
> (b)    The commissioners court shall set the salary of a court investigator.

TEX. GOV'T CODE ANN. § 25.0025 (West 2004). Unlike the situation with regard to court coordinators for district judges, the position of court investigator for a statutory probate court does not contain the declaration that the investigator "serves at the pleasure of the judge."

You also suggest that a prior opinion of this office offers support for the view that an investigator for a probate court judge is not covered by the System. In that opinion, we considered whether deputy district clerks in Hidalgo County were subject to the provisions of the Hidalgo County civil service plan. *See* Tex. Att'y Gen. Op. No. GA-0243 (2004). The opinion observed that the employment of deputy clerks and assistants in Hidalgo County is specifically governed by section 51.316 of the Government Code. *Id.* at 3. That provision, similar to the statute at issue in *Clark v. Young*, provided that "[a] deputy clerk or assistant . . . serves at the pleasure of the district clerk." *Id.. See* TEX. GOV'T CODE ANN. § 51.316(b) (West 2005).

In the situation you pose, the statute authorizing the appointment of court investigators—section 25.0025 of the Government Code—differs from the statutes considered in both *Clark* and Attorney General Opinion GA-0243, in that section 25.0025 does not explicitly provide that a court investigator "serves at the pleasure" of the probate court judge. Clearly, the Legislature is aware of one means of exempting particular county employees from a civil service system—by providing that such appointees "serve at the pleasure" of the appointing official. In the case of court investigators appointed by a statutory probate court, the Legislature has opted not to make such provision.

Thus, it appears that Rule 1.13 of the Tarrant County Civil Service Commission, which makes the relevant civil service rules applicable to "employees of all departments that are not specifically exempted under chapter 158," requires the conclusion that a court investigator appointed by a county probate judge is covered by the Tarrant County civil service system.

## S U M M A R Y

A court investigator appointed by a county probate judge is covered by the Tarrant County civil service system.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee