May 25, 2010

The Honorable Joseph D. Brown
Grayson County Criminal District Attorney
Grayson County Justice Center, Suite 116A
Sherman, Texas 75090

Opinion No. GA-0778

Re: Whether a commissioners court may amend the county budget to reduce salaries for the county clerk's office because the clerk closed her office temporarily for a weather-related emergency (RQ-0834-GA)

Dear Mr. Brown:

You state that in August of 2009 the Grayson County Clerk closed her office approximately thirty minutes early and dismissed several employees for that time period because of a thunderstorm and resulting power outage in the county courthouse.[1] The Grayson County Commissioners Court, which has implemented a forty-hour work week uniform pay policy, has refused to pay these employees for the time that they did not work. Request Letter at 1. In connection with these facts, you ask the following question:

> May the Grayson County Commissioners Court, in the middle of a budget year, amend the budget of the Grayson County Clerk to reduce that office's salary line item in an amount equal to the pay which was due to county clerk employees for a time period the employees did not work at the direction of the elected county clerk because of a weather related emergency?

*Id.*

Your question raises an issue addressed in attorney general opinions and in case law—the tension between the authority of elected county officers and the commissioners court's authority as the county's principal governing body. *See Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997); *see also Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941) (discussing commissioners court's authority to contract for county). Elected county officers have a "sphere of authority" within which they may manage their offices without interference from the commissioners court. *See Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961); *Abbott v. Pollock*,

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

946 S.W.2d 513, 517 (Tex. App.—Austin 1997, pet. denied); Tex. Att'y Gen. Op. No. GA-0332 (2005) at 3. They hold "virtually absolute sway over the particular tasks or areas of responsibility entrusted to [them] by state statute." *Hooten v. Enriquez*, 863 S.W.2d 522, 531 (Tex. App.—El Paso 1993, no writ) (quoting *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980)). Prior opinions have concluded that the sphere of authority of an elected county officer, such as the county clerk, includes the "implied authority to set the working conditions for his or her own employees." Tex. Att'y Gen. Op. No. JC-0131 (1999) at 2. The Legislature has vested the county clerk, and not the commissioners court, with the exclusive authority to dictate to his or her deputies the responsibility of carrying out the clerk's constitutional and statutory duties. *See Hooten*, 863 S.W.2d at 532. *See also* TEX. CONST. art. V, § 20 (creating the county clerk's office); TEX. LOC. GOV'T CODE ANN. § 82.005(a), (c) (Vernon 2008) (providing that a deputy clerk appointed by the county clerk "acts in the name of the county clerk and may perform all official acts that the county clerk may perform"), TEX. LOC. GOV'T CODE ANN. ch. 151, subch. A (Vernon 2008) (providing that the commissioners court will authorize the number of employees to be appointed by a district, county, or precinct officer, but the court may not attempt to influence the appointment of any person to an employee position).

This office has stated that a county officer may close his or her "office for part or all of one or more days on account of bad weather, repairs, and the like" and may authorize employees "to be paid for the time they were unable to work because of an office closure." Tex. Att'y Gen. Op. No. JC-0131 (1999) at 2–3; *see* Tex. Att'y Gen. Op. Nos. GA-0303 (2005) (concluding that a justice of the peace was authorized to close his office for the official day of mourning honoring former President Ronald Reagan and to allow his clerk to take the day off); JC-0239 (2000) at 4 (concluding that an elected county official may close the office and dismiss employees to provide them extra holiday time); JC-0131 (1999) at 2 (concluding that in the absence of a statute specifically authorizing the commissioners court to establish office hours for county officials and their employees, each county official may set working conditions for his or her own employees).[2] We find no court that has held otherwise.[3]

The commissioners court's budgetary power over the expenses of elected county officers does, however, create some tension with an elected county officer's sphere of authority. *See* TEX.

---

[2]Allowing employees to take time off must, of course, serve a public purpose within Texas Constitution article III, section 52, which provides that the Legislature shall have no power to authorize any county to grant public money to any individual. *See* TEX. CONST. art. III, § 52(a); *see also* Tex. Att'y Gen. Op. No. JC-0239 (2000) at 4. Whether a particular office closure serves a public purpose must be determined in the first instance by the public official, whose decision is subject to judicial review. *See* Tex. Att'y Gen. Op. No. JC-0239 (2000) at 4.

[3]A Texas court has stated that "in order to standardize and effectuate such matters as hours of work, vacations, holidays, sick leave, compensation, etc., the legislature has seen fit to place the responsibility of their implementation with the Commissioners Court, as specified by the legislature. TEX. LOC. GOV'T CODE ANN. chs. 151–158 (Vernon 1988)." *State v. Hardy*, 769 S.W.2d 353, 355 (Tex. App.—Houston [1st Dist.] 1989, no writ). The *Hardy* court also said that a statutory grievance procedure available to deputy district clerks did not take away the district clerk's powers to appoint, discharge and supervise his deputies. *See id. Hardy* does not address the question raised by this opinion request.

LOC. GOV'T CODE ANN. § 152.011 (Vernon 2008) (authorizing commissioners court to set compensation, expenses, and all other allowances for county and precinct officers and employees paid wholly from county funds); *Renken v. Harris County*, 808 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1991, no writ) (stating that the commissioners court exercises budgetary powers over the positions in the constable's office). The commissioners court is charged with setting the compensation, office and travel expenses, and other allowances for county and precinct officers and employees paid wholly from county funds, including the compensation, office and travel expenses of the county clerk. *See* TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 2008); Tex. Att'y Gen. Op. No. DM-492 (1998) at 8. Pursuant to Local Government Code section 152.011, the commissioners court has implied authority to confer upon county officers and employees such benefits as longevity pay, vacation leave, sick leave, and paid holidays, and to premise full salary and benefits upon a forty-hour work week. *See* Tex. Att'y Gen. Op. Nos. JC-0239 (2000) at 5 (forty-hour work week), JM-910 (1988) at 4 (vacation and sick leave), MW-438 (1982) at 2 (paid holidays); Tex. Att'y Gen. LO-96-007, at 2 (longevity pay).

Funds for compensating county and precinct officers and employees are included in the county budget, which for counties the size of Grayson County is prepared in accordance with Local Government Code chapter 111, subchapter A.[4] *See* TEX. LOC. GOV'T CODE ANN. §§ 111.001 (Vernon 2008) (stating that subchapter A applies only to a county with a population of 225,000 or less that does not operate under subchapter C);[5] 111.003(a) (providing that the "county judge... shall prepare a budget to cover all proposed expenditures of the county government for the succeeding fiscal year"). The commissioners court may amend the budget during the fiscal year to transfer an amount budgeted for one item to another budgeted item. *Id.* § 111.010(d); *see also Griffin v. Birkman*, 266 S.W.3d 189, 201 (Tex. App.—Austin 2008, pet. denied) (holding that the commissioners court was authorized to transfer funding for emergency mental health services from a constable's office to the sheriff's office during the fiscal year).[6] Thus, as a general matter, the commissioners court has authority to make a budget transfer that would result in the reduction of the salary line item allocating compensation to a county officer's employees, subject to review for abuse of discretion.[7] *See Griffin*, 266 S.W.3d at 196. However, a county commissioners court "may not, by transferring funds from an elected county officer's budget, thereby prevent the officer from

---

[4]The population of Grayson County was 110,595 in 2000. *See* BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://quickfacts.census.gov/qfd/states/48/48181.html (State and County Quick Facts) (last visited Mar. 9, 2010).

[5]Chapter 111, subchapter B, applies only to a county with a population of more than 225,000 that does not operate under subchapter C, and subchapter C provides an alternate method of budget preparation in counties with a population of more than 125,000. *See* TEX. LOC. GOV'T CODE ANN. §§ 111.031, .061 (Vernon 2008).

[6]The county at issue in *Griffin* was in the population group subject to Local Government Code sections 111.031–.045, but the section addressed was virtually identical with section 111.010(d). *See Griffin*, 266 S.W.3d at 194, 203.

[7]The commissioners court may set the county clerk's salary only during the budget adoption process. *See* TEX. LOC. GOV'T CODE ANN. § 152.013(a) (Vernon 2008); Tex. Att'y Gen. Op. No. GA-0037 (2003) at 5.

performing his or her required duties." Tex. Att'y Gen. Op. No. GA-0037 (2003) at 5. Further, "a county commissioners court generally may not second-guess a county officer's use of county employees to accomplish the officer's constitutional or statutory duties [or] the officer's determination that dismissing county employees under his or her supervision . . . serves a public purpose or constitutes a legitimate use of official, work time." Tex. Att'y Gen. Op. No. JC-0239 (2000) at 5.

You have stated that the Grayson County Commissioners Court has refused to pay these employees for the time that they did not work, and you ask whether the Commissioners Court may amend the budget during the fiscal year to accomplish this purpose. *See* Request Letter at 1. While a commissioners court may amend the budget in midyear to make a transfer of funds that would result in the reduction of the salary line item for county employees compensated under Local Government Code section 152.011, it may not adopt such an amendment to recoup payment to employees for the time period that the clerk dismissed them, because such a change would interfere with an elected officer's authority to manage his or her office and supervise the employees. *See* Tex. Att'y Gen. Op. No. JC–0131 (1999) at 5 (concluding that if a county officer closes her office for part of a work day because of bad weather, repairs, and the like, the employees may be paid for that time and the commissioners court may not reduce the employees' pay). "If a county commissioners court infers from a county officer's office closure or allocation of county resources that the elected county officer does not require all of the full-time employees assigned to that office, the commissioners court's remedy is to apply its budgetary authority to reallocate county resources" in the future. Tex. Att'y Gen. Op. No. JC-0239 (2000) at 5. Based on the information provided to us, we believe that a court would likely conclude that the Grayson County Commissioners Court may not transfer funds to reduce the salary line item to deprive the clerk's employees of payment for the time period that the clerk dismissed them due to a thunderstorm and power outage in the county courthouse, because such a reduction would intrude upon the elected county clerk's sphere of authority.

## S U M M A R Y

Based on the information provided to us, we believe that a court would likely conclude that the Grayson County Commissioners Court may not transfer funds to reduce the salary line item to deprive the clerk's employees of payment for the time period that the clerk dismissed them due to a thunderstorm and power outage in the county courthouse, because such a reduction would intrude upon the elected county clerk's sphere of authority.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee