**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Leland Ray MOORE, Appellee.**

No. 12–00–00137–CV.

Court of Appeals of Texas, Tyler.

May 16, 2001.

Philip I. Cline & J. Frank Davis, for Appellant.

Barry Bryan, for Appellee.

Panel consisted of DAVIS, C.J., and WORTHEN and GRIFFITH, JJ.

GRIFFITH, Justice.

By restricted appeal, the Texas Department of Public Safety ("DPS") attacks an order of expunction entered in favor of Leland Ray Moore and the trial court's entry of an order nunc pro tunc, adding the arrest date omitted from the original order. In two issues, DPS asserts that the entry of the original order was erroneous because neither Moore's petition nor the order stated the date of arrest, and the order nunc pro tunc is void because it was signed outside the trial court's plenary power to act. Because we conclude that Moore did not meet his burden, the trial court's original order was not in compliance with the applicable mandatory statute, and the nunc pro tunc order was ineffective, we reverse and render.

On October 5, 1999, Leland Ray Moore filed a petition for the expunction of records of his arrest in Houston County for hindering a secured creditor. The hearing on the petition was set for November 12, 1999 and various law enforcement agencies, including DPS, were notified. The district attorney of Houston County was the only law enforcement agency representative who appeared at the hearing. The district attorney did not oppose the petition for expunction. The trial court signed an attorney-generated order of expunction that day. The record includes a signed return receipt indicating that DPS received a copy of the order on November 24, 1999.

On March 8, 2000, Moore filed a motion to enter a nunc pro tunc order to add the date he was arrested, August 22, 1991, to the expunction order. A hearing on that motion was set for May 1, 2000. Again, the record indicates that DPS and other law enforcement agencies were notified of the hearing date. A "Nunc Pro Tunc Order of Expunction" was signed by the trial court on May 1, 2000. This order includes a specific reference to Moore's August 22, 1991 arrest for hindering a secured creditor. The appellate record contains no reporter's record of the proceedings held on May 1, 2000. DPS filed its notice of appeal on May 9, 2000 asserting its desire to

appeal via a restricted appeal pursuant to Rule 30 of the Texas Rules of Appellate Procedure.

■ Initially, we must address Moore's contention that DPS failed to timely file its notice of appeal and cannot now complain of the expunction order. DPS's notice of appeal declared its intent to file a restricted appeal. In order to attack a judgment by restricted appeal appellant must show that it was a party to the suit, it filed the notice of appeal within six months after the order was signed, and it did not participate at trial. TEX.R.APP. P. 26.1(c) & 30. Further, to successfully prosecute a restricted appeal, error must be apparent from the face of the record. *Renaissance Park v. Davila*, 27 S.W.3d 252, 255 (Tex. App.—Austin 2000, no writ).

■ The right to expunction of criminal records is a creature of statute and the Texas Code of Criminal Procedure governs the process. *See* TEX.CODE CRIM. PROC. ANN. arts. 55.01–.06 (Vernon Supp.2001). All law enforcement agencies that may have records the petitioner wants expunged are entitled to be represented by counsel at the expungement hearing. TEX.CODE.CRIM. PROC. ANN. art. 55.02 § 2(c). An agency protesting the expunction may appeal the court's decision in the same manner as in other civil cases. TEX.CODE CRIM. PROC. ANN. art. 55.02 § 3(a). Accordingly, DPS, as a State agency with records subject to expunction, is a party to the suit within the meaning of the requirements for a restricted appeal. The record shows that DPS did not participate at trial. *See Texas Dept. of Pub. Safety v. Deck*, 954 S.W.2d 108, 111 (Tex.App.—San Antonio 1997, no writ) (participation by district attorney does not constitute participation by DPS). The notice of appeal was filed May 9, 2000, just under six months after the November 12, 1999 order was signed. Therefore, to resolve the question of this Court's juris-diction, we need only determine if error is apparent on the face of the record. This alleged error is addressed by DPS's issues on appeal.

In its first issue, DPS contends that Moore failed to include the date of arrest in either his petition or the order. Further, Moore did not offer any evidence of the date of arrest at the November 12, 1999 hearing. Failure to comply with the statutory mandate that the petition and order include the date of arrest, DPS asserts, results in an erroneous expungement order.

■ The procedures listed in article 55.02 are mandatory and must be complied with in an expunction proceeding. *Id.* at 112. In order to seek an expunction, the defendant must file a verified petition containing the information required by article 55.02, section 2(b), including the date of arrest, or the petition must contain an explanation for why that information is not included. TEX.CODE CRIM. PROC. ANN. art. 55.02, § 2(b). Moore's petition does not include the date he was arrested and Moore presented no evidence at the hearing. Because Moore did not prove up the date of his arrest as required by the statute, he did not meet his burden to show entitlement to expungement. *See Texas Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 526 (Tex.App.—San Antonio 1997, no writ) (trial court erred in granting expunction where defendant did not prove up county of arrest.).

■ The code also requires the trial court to include certain information in its order of expunction, including, among many other items, the date of arrest. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 3(b). The November 12, 1999 order of expunction does not include several of the items listed in section 3(b) that should be included in the order. Date of arrest is one of

the missing items. Accordingly, because the date of arrest was omitted from the petition and order, error is apparent on the face of the record. We conclude that DPS is entitled to bring this restricted appeal and we sustain its first issue.

In its second issue, DPS asserts that, because the trial court signed the nunc pro tunc order outside its period of plenary power, that order is void. As the original order became final on December 12, 1999, DPS argues, the trial court could correct only clerical errors after that date. However, the argument continues, inserting the date of arrest in an expungement order is not the correction of a clerical error.

 A nunc pro tunc judgment to correct clerical errors is authorized by rule of civil procedure 316. *See* TEX.R. CIV. P. 316. The trial court may not correct judicial errors in a final judgment. *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex.1986). A clerical error is one which does not result from judicial reasoning or determination. *Id.* When a prior judicial determination is evidenced, but the signed judgment inaccurately reflects the true decision of the court, the error is clerical and may be corrected. *Id.* at 586. A judicial error is one made by the court in rendering judgment, as opposed to a failure to accurately recite the judgment rendered. *Stock v. Stock*, 702 S.W.2d 713, 716 (Tex.App.—San Antonio 1985, no writ). Whether an error is clerical or judicial is a question of law, therefore, the trial court's determination as to the nature of the error is not binding on the appellate court. *Id.*

 By statutory mandate, the trial court was to have determined, among other facts, the date of arrest. *See* TEX.CODE CRIM. PRO. ANN. art. 55.02, § 3(b). Here, the date of arrest was not included in the petition and was not proven in open court. Accordingly, there was no way the trial court could have made a judicial determi-

nation of the arrest date prior to signing the original order. Therefore, it cannot be said that the signed order merely inaccurately recites a prior judicial determination. The failure to include the arrest date in the original order is a judicial error and not a clerical error. *See Stock*, 702 S.W.2d at 716. Accordingly, the trial court erred in its attempt to correct the error by a nunc pro tunc order signed after it lost plenary power to act. *See Andrews*, 702 S.W.2d at 585. The trial court's nunc pro tunc order of May 1, 2000 is void. We sustain DPS's second issue.

We reverse the trial court's orders of May 1, 2000 and November 12, 1999 and render judgment denying Moore's petition for expunction as to all officials, agencies and entities named therein. *See Ex parte Elliot*, 815 S.W.2d 251, 251–52 (Tex.1991) (reversal of an expunction order must encompass all persons and agencies in possession of relevant criminal records.). We also order that all documents or index references pertaining to petitioner's arrest be restored to their original condition and place. *See Moran*, 949 S.W.2d at 527.