NO. 12-02-00060-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


TEXAS DEPARTMENT OF PUBLIC

SAFETY,
§
 APPEAL FROM THE 188TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


JULIUS CLINTON RANDOLPH,

APPELLEE
§
 GREGG COUNTY, TEXAS

 




 MEMORANDUM OPINION


PER CURIAM


 By restricted appeal, the Texas Department of Public Safety ("DPS") contests the trial court's
order of expunction of four arrests of Julius Clinton Randolph ("Randolph"). We affirm the trial
court's order in part and reverse in part.


Background

 On September 24, 2001, Randolph filed a "Petition for Expunction of Records" in order to
have an October 22, 1984 arrest for possession of a controlled substance removed from his criminal
record. His petition went unanswered and was presented to the trial court on November 30. The
trial court granted Randolph's request. Unaware that any action had been taken, Randolph inquired
about the status of his request. On December 21, the trial court responded to Randolph's inquiry and
informed Randolph that his petition had been granted and that he needed to prepare the order for the
judge's signature. 

 Randolph provided the trial court with an order; however, the order stated that the records
pertaining to three other arrests not specifically named in the original petition should also be
expunged. Prior to the date the trial court signed the order granting expunction, Randolph never
amended his original petition to include the other three arrests in his request for expunction. This
order, signed by the trial court on January 3, 2002, not only expunged records from the October 22,
1984 arrest, but expunged records from arrests on October 27, 1985 (unlawful carrying of a weapon),
December 21, 1986 (possession of a controlled substance), and January 29, 1998 (unlawful possession
of a firearm by a felon). 

 The DPS appeals the trial court's order, contending that the trial court abused its discretion
by granting Randolph more relief than he requested. We agree.


Analysis

 The right to expunction of criminal records is a creature of statute and the Texas Code of
Criminal Procedure governs the process; however, the cause of action is civil, not criminal in nature. 
See Tex. Code Crim. Proc. Ann. art. 55.01-06 (Vernon 2002); Texas Dept. of Pub. Safety v. Moore,
51 S.W.3d 355, 357 (Tex. App.-Tyler 2001, no pet.). The procedures for obtaining an expunction
are mandatory and must be complied with in an expunction proceeding. Id. Section 2(b) of article
55.02 mandates that a petition for expunction must contain, inter alia, the date the petitioner was
arrested. Tex. Code Crim. Proc. Ann. art. 55.02, § 2(b). Section 2(d) of article 55.02 limits an
order directing expunction to the records and files that are the subject of the petition. Tex. Code
Crim. Proc. Ann. art. 55.02, § 2(d). The law is well-settled that because expunction is a statutorily
created remedy, strict compliance with the statute is required. Carson v. State, 65 S.W.3d 774, 781-82 (Tex. App.-Fort Worth 2001, no pet.). Randolph did not include the October 27, 1985, December
21, 1986, and January 29, 1998 arrests in his petition for expunction of records relating to those
arrests; therefore, he did not strictly comply with the article 55.02 criteria for a petition for
expunction. Accordingly, the trial court erred by including these three dates of arrest in its order of
expunction. 

 Furthermore, Texas Rule of Civil Procedure 301 provides that a trial court's judgment shall
conform to the pleadings and shall be framed to give the party all of the relief to which he is entitled
either in law or equity. Tex. R. Civ. P. 301. The pleadings invoke the trial court's jurisdiction to
render a judgment, and the part of a judgment which the pleadings do not support is considered void. 
Moreno v. Moore, 897 S.W2d 439, 442 (Tex. App.-Corpus Christi 1995, no writ). Therefore, a trial
court may not grant relief to a party in the absence of pleadings to support that relief. Id. Because
Randolph's petition did not include the other three dates he was arrested, the trial court's order of
expunction erroneously granted Randolph more relief than he requested in his petition.

 For these reasons, we affirm the portion of the trial court's order expunging Randolph's
criminal records relating to the October 22, 1984 arrest and reverse the portion of the trial court's
order expunging Randolph's criminal records relating to the October 27, 1985, December 21, 1986,
and January 29, 1998 arrests. We also order that all documents or index references pertaining to
Randolph's October 27, 1985, December 21, 1986, and January 29, 1998 arrests be restored to their
original condition and place. See Moore, 51 S.W.3d at 358. 

Opinion delivered January 8, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.

































(PUBLISH)