In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00105-CV


______________________________





EX PARTE: ROBERT LOCKE





 


On Appeal from the 5th Judicial District Court


Bowie County, Texas


Trial Court No. 07C0325-005




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 On March 8, 2007, Robert Locke filed a petition for expunction of all records and files
relating to an alleged May 2002 offense of assault/family violence which occurred in Bowie County. 
The expunction was granted March 12, 2007.

 The Texas Department of Public Safety (DPS) brings this restricted appeal of that order of
expunction. Locke filed no responsive brief.

 A certificate of service on Locke's petition indicated that service of the petition on the office
of the Bowie County District Attorney had been effected on February 26, 2007. The petition,
although indicating that eight different offices or entities (including the DPS) had a record of the
criminal offense for which expunction was being sought, the only entity upon which any service of
notice of filing is recited is the Bowie County District Attorney. Four days after the petition was
filed, on March 12, 2007, the court entered the requested order of expunction. The order of
expunction reflected at its base that it had been approved by the Bowie County District Attorney's
Office. On September 10, 2007, the DPS brought its restricted appeal, asserting that the court
abused its discretion in having set a hearing prematurely and without notice to all respondents
entitled to notice of the proceedings. 

 An appellant attacking a judgment by a restricted appeal 

 must establish that: (1) it filed notice of the restricted appeal within six months after
the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not
participate in the hearing that resulted in the judgment complained of and did not
timely file any postjudgment motions or requests for findings of fact and conclusions
of law; and (4) error is apparent on the face of the record. 

Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); see also Tex. R. App. P.
26.1(c), 30. 

 In bringing its restricted appeal within six months of judgment, the DPS met the first of the
requirements for a restricted appeal. The DPS also satisfies the second requirement; the DPS is a
"party" to Locke's expunction suit within the meaning of that term in the requirements for a restricted
appeal. See Tex. Dep't of Pub. Safety v. Moore, 51 S.W.3d 355, 357 (Tex. App.--Tyler 2001, no
pet.); cf. Tex. Code Crim. Proc. Ann. art. 55.02, § 3(a) (Vernon Supp. 2007) ("an agency protesting
the expunction may appeal the court's decision in the same manner as in other civil cases"). The
DPS likewise has met the third requirement; the record indicates that the DPS neither participated
in the hearing that resulted in judgment nor did it file timely post-judgment motions. See Tex. Dep't
of Pub. Safety v. Deck, 954 S.W.2d 108, 111 (Tex. App.--San Antonio 1997, no pet.) (district
attorney's office's participation in an expunction does not constitute the participation of the DPS). 
These first three of the four requirements having been satisfied, we need to determine whether the
restricted appeal meets the fourth requirement: that the error is apparent on the face of the record.

 The DPS asserts error in the trial court's abuse of discretion in having set a hearing on the
petition for expunction only four days after the filing of the petition and prior to having provided
notice to all respondents of the hearing on the petition. Further, there is no indication in the record
that any agency (including the district attorney's office) received notice of the hearing. 

 "The right to expunction of criminal records is a creature of statute and the Texas Code of
Criminal Procedure governs the process." Moore, 51 S.W.3d at 357. The Code provides that the
court shall set the hearing for expunction no sooner than thirty days from the filing of the petition. 
See Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c) (Vernon Supp. 2007). The Code further requires
the court to give reasonable notice of the hearing to each agency named in the expunction petition. 
Id. "The procedures listed in article 55.02 are mandatory and must be complied with in an
expunction proceeding. If the record does not indicate that the agency was notified in accordance
with the statute, then the record reflects a proceeding in violation of the statute and the expunction
order must be set aside." Deck, 954 S.W.2d at 112 (citations omitted).

 This case is very similar to Texas Department of Public Safety v. Riley, 773 S.W.2d 756, 758
(Tex. App.--San Antonio 1989, no writ), in which an expunction ordered on the same day the
petition was filed, and entered without prior notice to the DPS of the hearing was found to be a
proceeding in direct violation of the statute. In this case, the record reflects that the trial court
complied with neither the requirement that the agencies named in the petition be notified before a
hearing nor with the requirement of the thirty-day waiting period before a hearing as contained in
the statute. We find that the face of the record here reflects error in the failure to follow each of
these statutory requirements. 

 The DPS seeks neither to have the order set aside nor to have judgment rendered in its favor
but seeks, rather, a remand of the case for a properly-conducted proceeding. Accordingly, we reverse
the order of expunction in its entirety, (1) and remand the case for further proceedings consistent with
Article 55.02 and with this opinion.




 Bailey C. Moseley

 Justice


Date Submitted: February 12, 2008

Date Decided: March 28, 2008

1. Reversal of an expunction order "must encompass all persons and agencies in possession
of relevant criminal records." Ex Parte Elliot, 815 S.W.2d 251, 251 (Tex. 1991). 


ccent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00097-CV

                                                ______________________________

 

 

                                    HOSPICE OF
TEXARKANA, INC., 

                  AND TEXAS WORKFORCE COMMISSION, Appellants

 

                                                                V.

 

                                     DENETIA L. CONNELL, Appellee

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                             Bowie County, Texas

                                                     Trial Court No. 10C0816-CCL

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Appellants,
Hospice of Texarkana, Inc., and Texarkana Workforce Commission, and appellee,
Denetia L. Connell, have filed with this Court a Rule 42 Agreement for
Reversal and Rendition of Trial Courts Judgment.  The parties represent to this Court that they
have agreed that the trial courts judgment should be reversed with a finding
that substantial evidence supports the decision of the Texas Workforce
Commission disqualifying Connell from receiving unemployment benefits and that
this Court should render judgment affirming the Texas Workforce Commissions
administrative decision disqualifying Connell from receiving unemployment
benefits.

            This Court,
in accordance with Rule 42.1(a)(2)(A) approves the agreement of the
parties.  We grant the motion and reverse
the judgment of the trial court and render judgment in accord with the parties
agreement.  Tex. R. App. P. 42.1(a)(2)(A).  

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          October
27, 2011        

Date Decided:             October
28, 2011