**Reversed and Opinion Filed May 6, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00237-CV

### EX PARTE: THOMAS EUGENE RUMBAUGH

**On Appeal from the 199th Judicial District Court
Collin County, Texas
Trial Court Cause No. 199-00023-2020**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

Appellant Thomas Eugene Rumbaugh filed a petition for expunction, seeking an order to have all records of his 2009 arrest for the offenses of (i) possession of a dangerous drug and (ii) possession of a controlled substance expunged. The trial court granted the expunction order. Appellant Texas Department of Public Safety (the "Department") asserts on appeal that Rumbaugh is not entitled to expunge his 2009 arrest. We reverse the trial court's order.

### I.    BACKGROUND

On February 8, 2009, Rumbaugh was arrested and charged with (i) possession of a dangerous drug—a class A misdemeanor—and (ii) possession of a controlled substance in penalty group three, with less than twenty-eight grams—another class

A misdemeanor. Rumbaugh plead not guilty to, and was found not guilty of, those charges, which resulted in acquittals on December 4, 2009. Rumbaugh is no longer subject to any jeopardy or restraint resulting from that arrest.

On January 3, 2020, Rumbaugh filed a petition to expunge the records for the December 4, 2009 acquitted charges. Rumbaugh served this petition upon the Department on January 10, 2020. On January 14, 2020, the trial court entered an Order Granting Expunction "pursuant to Article 55.01(a)(1) of the Texas Code of Criminal Procedure." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A).[1]

On February 20, 2020, the Department filed its restricted appeal. In two issues, the Department asserts:

(i)     Rumbaugh was not entitled to an expunction of his acquitted charge under Article 55.02 § 2(c) of the Texas Code of Criminal Procedure because the Department, a respondent, was never notified of a petition nor a hearing date for the expunction proceeding.

(ii)    Appellee is not entitled to an expunction of his acquitted charge under Article 55.01(c) because he was convicted of an offense arising out of the same criminal episode as the offense for which he was acquitted.

---

[1] Texas Code of Criminal Procedure article 55.01(a)(1)(A) provides "[a] person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if: the person is tried for the offense for which the person was arrested and is acquitted by the trial court, except as provided by Subsection (c)." CRIM. PROC. art. 55.01(a)(1)(A).

## II. RESTRICTED APPEAL

We must initially determine whether the Department may complain of the expunction order in a restricted appeal. To successfully attack an order by restricted appeal, the appealing party must show:

(1) it filed notice of the restricted appeal within six months after the judgment was signed;
(2) it was a party to the underlying lawsuit;
(3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and
(4) error is apparent on the face of the record.

TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). An agency protesting an expunction order may appeal the judge's decision in the same manner as in other civil cases. CRIM. PROC. art. 55.02, § 3(a). All law enforcement agencies that may have records a petitioner wants expunged are entitled to be represented by counsel at an expunction hearing. *See id.* art. 55.02, § 2(c–1); *Tex. Dep't of Pub. Safety v. Moore*, 51 S.W.3d 355, 357 (Tex. App.—Tyler 2001, no pet.).

In Rumbaugh's expunction proceeding, the Department (i) filed its notice of the restricted appeal thirty-seven days after the order of expunction; (ii) was a State agency with records subject to Rumbaugh's expunction[2]; and (iii) did not participate

---

[2] The Department, "as a State agency with records subject to expunction, is a party to the suit within the meaning of the requirements for a restricted appeal." *Moore*, 51 S.W.3d at 357; *see also State v. Sink*, 685 S.W.2d 403, 404 (Tex. App.—Dallas 1985, no writ) (holding State had standing to directly appeal *ex parte* expunction order).

–3–

in any hearing or timely file any post-judgment motions or requests in the expunction proceedings. Thus, the Department meets the first three requirements for raising its restricted appeal. We next turn to whether error is apparent on the face of the record.

In a restricted appeal, we are limited to considering only the face of the record; but, our scope of review is otherwise the same as that in an ordinary appeal; therefore, we review the entire case. *Tex. Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 211 (Tex. App.—Dallas 2008, no pet.); *see also Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). For such a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns*, 955 S.W.2d at 270 (citing *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551 (Tex. 1991)). The Department asserts that error is apparent on the face of the record because (i) the Department was not served with notice of a hearing on the expunction petition in violation of the statute, (ii) the Order was signed less than 30 days after the petition was filed in violation of the statute, and (iii) the trial court misinterpreted the expunction statute.

The record indicates that no hearing was held on the expunction petition. Citing article 55.02 § 2(c) of the Texas Code of Criminal Procedure, the Department argues that a hearing on and notice for the expunction petition was mandatory. The pertinent portions of article 55.02 § 2(c) provide:

> (c) The court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give to each official or agency

or other governmental entity named in the petition reasonable notice of the hearing by:

      (1) certified mail, return receipt requested; or

      (2) secure electronic mail, electronic transmission, or facsimile transmission.

CRIM. PROC. art. 55.02, § 2(c). Though not raised in the Department's briefing, we have previously addressed this very same issue in *Tex. Dep't of Pub. Serv. v. Velazquez.* No. 05-16-01326-CV, 2017 WL 4003427, at \*2 (Tex. App.—Dallas Sept. 12, 2017, no pet.). In *Velazquez*, the trial court granted Velazquez's verified petition for expunction on May 13, 2016. *Id.* at \*1. However, that record contained "no notation of a hearing on the expunction petition" nor "record of any proceedings occurring on that date in [that] case." *Id*. We held:

> The expunction statute mandates that the trial court (1) set a hearing on the petition for expunction no sooner than thirty days from the filing of the petition, and (2) give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing by certified mail, return receipt requested, or secure electronic mail, electronic transmission, or facsimile transmission. *The procedures listed in article 55.02 are mandatory. If the record does not indicate that an affected agency was notified in accordance with the statute, then the record reflects a proceeding in violation of the statute and the expunction order must be set aside*.

*Id*. at \*2. (citations omitted, emphasis added). Here, Rumbaugh filed no brief and made no assertions to our Court. The record contains neither evidence that any hearing was held nor evidence that any notice of a hearing was given to the Department. Thus, as in *Velazquez*, we must conclude error is apparent on the face of the record because the Department was not notified of a hearing on Rumbaugh's

petition. *See id*. at *2.[3] The Department has met the requirements of a restricted appeal, and we need not reach its remaining bases for restricted appeal. TEX. R. APP. P. 47.1. We next turn to the issues the Department raises on appeal.

### III. EXPUNCTION

"A trial court's ruling on a petition for expunction is reviewed for abuse of discretion." *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). "Under the abuse of discretion standard, appellate courts afford no deference to the trial court's legal determinations because a court has no discretion in deciding what the law is or in applying it to the facts." *Id*. (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009)). As in this case, when the trial court's ruling hinges on a question of law—interpretation of article 55.02—we review the trial court's ruling de novo. *T.S.N.*, 547 S.W.3d at 620.

**Issue One: Rumbaugh was not entitled to an expunction of his acquitted charge under Article 55.02 § 2(c) of the Texas Code of Criminal Procedure because the Department, a respondent, was never notified of a petition nor a hearing date for the expunction proceeding.**

As we have concluded above, it was error for the trial court to order Rumbaugh's records expunged without providing notice to the Department of a hearing. *Velazquez*, 2017 WL 4003427 at *2. Furthermore, nothing in the record

---

[3] We note, however, that several of our sister courts have also held that an evidentiary hearing is not necessarily required if the petition seeking expunction can be decided on the paper record alone. *Matter of J.J.R.*, 599 S.W.3d 605, 613 (Tex. App.—El Paso 2020, no pet.); *Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.); *Ex parte Current*, 877 S.W.2d 833, 839 (Tex. App.—Waco 1994, no pet.).

reflects that the Department waived the notice requirement under article 55.02 § 2(c). This violation of mandatory procedures requires us to set Rumbaugh's expunction order aside. *Id.* We sustain the Department's first issue.

**Issue Two: Appellee is not entitled to an expunction of his acquitted charge under Article 55.01(c) because he was convicted of an offense arising out of the same criminal episode as the offense for which he was acquitted.**

Because of our resolution of the Department's first issue, we pretermit further discussion of its second issue. TEX. R. APP. P. 47.1.[4]

## IV. CONCLUSION

The judgment of the trial court is reversed, and the January 14, 2020 Order Granting Expunction is set aside.[5]

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

---

[4] *But see*, *Ex parte Ferris*, 613 S.W.3d 276, 284 (Tex. App.—Dallas 2020, pet. filed) (holding that, in the context of an expunction under article 55.01, a 2014 arrest for driving while intoxicated ("DWI") and a 2018 DWI are not part of the same criminal episode because they could not be consolidated or joined for trial or sentencing under Texas Penal Code §§ 3.02-3.03.).

[5] The reversal of an expunction order encompasses all of the agencies in possession of the petitioner's criminal records, even those who did not appeal. *Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991). However, our setting aside the expunction order does not prevent Rumbaugh from refiling another expunction petition. *See Rodriguez v. T.M.B.*, 812 S.W.2d 449, 449 n. 2 (Tex. App.—San Antonio 1991, no writ); *Texas Dep't of Pub. Safety v. Riley*, 773 S.W.2d 756, 759 (Tex. App.—San Antonio 1989, no writ) (Butts, J., concurring).



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

EX PARTE: THOMAS EUGENE
RUMBAUGH

No. 05-20-00237-CV     V.

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-00023-
2020.
Opinion delivered by Justice
Pedersen, III. Justices Partida-
Kipness and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED**, and the January 14, 2020 Order Granting Expunction is set aside.

It is **ORDERED** that appellant the Texas Department of Public Safety recover its costs of this appeal from appellant Thomas Eugene Rumbaugh.

Judgment entered this 6th day of May, 2021.