## TAYLOR v. DALLAS.

### No. 4071.

Court of Civil Appeals of Texas. Amarillo.

Oct. 4, 1933.

Rehearing Denied Nov. 15, 1933.

Lockhart & Brown, of Lubbock, for appellant.

R. L. Graves, of Brownfield, for appellee.

JACKSON, Justice.

This is an appeal from a judgment decreeing that appellee, W. H. Dallas, have and recover from appellant, Mrs. M. E. Taylor, individually and as executrix of the estate of M. Taylor, deceased, the title of a stock certificate issued on September 2, 1920, to M. Taylor by the Stock Raisers' Loan Company, for two hundred shares of the capital stock of such corporation.

M. Taylor executed and delivered his promissory note for the sum of $2,000, bearing interest at the rate of 10 per cent. per annum in consideration of, and in payment for, said capital stock. The Brownfield State Bank purchased the note, and the certificate of capital stock was placed with the bank as collateral to secure the payment of the note. The note was renewed from time to time, and on February 4, 1923, M. Taylor executed his note to W. S. Johnson for $2,-493.71, together with a chattel mortgage on personal property and a deed of trust lien on real estate, to secure the payment of said note. The Brownfield State Bank was paid with the money thus obtained, and the stock certificate placed with the Johnson note as collateral security. M. Taylor defaulted in the payment of the note, and W. S. Johnson instituted suit in the district court of Yoakum county against him on said note, and sought to foreclose his chattel mortgage and deed of trust liens securing the payment thereof. M. Taylor died after the institution of the suit, and by proper proceedings his surviving wife, M. E. Taylor, was made defendant.

She alleged as a defense that the note executed by her husband and purchased by the bank was the only consideration given for the capital stock, that the bank and W. S. Johnson had notice thereof, and that said note was therefore void under the laws and Constitution of the state. She prevailed in the trial court, and on appeal [Johnson v. Taylor (Tex. Civ. App.) 9 S.W.(2d) 468] the judgment was reversed and the cause remanded. In a second trial in the district court it was ordered, adjudged, and decreed that W. S. Johnson take nothing by his suit against the defendant; that the note and deed of trust and chattel mortgage be canceled, annulled, and held for naught; that defendant go hence without day and plaintiff pay all costs. W. S. Johnson appealed from this judgment, which was affirmed by this court. Johnson v. Taylor, 22 S.W.(2d) 947.

While the case was pending on the second appeal to this court, W. S. Johnson sold, transferred, and assigned to the appellee in this case the note of February 4, 1923, the indebtedness evidenced thereby, and his cause of action against the estate of M. Taylor, with authority to sue or prosecute the suit then pending.

In this suit, on the 30th day of December A. D. 1932, the appellee herein obtained the judgment against the appellant, from which this appeal is prosecuted.

The appellant in the trial court pleaded general denial, res judicata, limitation of two and four years, and asserted title to the stock certificate here involved as the sole heir and administratrix of the estate of M. Taylor, deceased, and asked judgment declaring her to be the owner of such stock certificate free and clear of any claim or title asserted by appellee.

The pleadings of the appellee, together with the allegations in the appellant's answer, are sufficient to authorize the judgment decreeing title of the stock certificate in the appellee.

The appellant in the former litigation succeeded in securing a judgment decreeing that the note, chattel mortgage, and deed of trust liens were unenforceable against M. Taylor and herself because given as the consideration for capital stock in a corporation and void under the Constitution and laws of the state. The evidence is uncontroverted that neither M. Taylor, the deceased husband of appellant, nor M. E. Taylor, the appellant, ever paid the note or any part thereof, and at no time paid any consideration for the capital stock in the Stock Raisers' Loan Company here involved.

The undisputed record in this case shows that Mrs. Taylor had no title and no valid claim to the capital stock involved; hence

she was not in a position to urge any defense in behalf of herself or the estate of her deceased husband to appellee's title to the certificate of stock of which he and those under whom he claimed had had and held possession from the date of the issuance thereof.

The judgment is affirmed.