PD-0876-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/14/2015 11:59:03 AM
Accepted 7/15/2015 4:32:00 PM
ABEL ACOSTA
CLERK

PD-0876-15

No. _____

IN THE COURT OF CRIMINAL APPEALS

RONALD PRESLEY v. THE STATE OF TEXAS

On Petition for Discretionary Review from
Appeal No. 12-14-00231-CR
in the Court of Appeals, Twelfth District, at Tyler

Trial Court Cause No. 31,089
3rd Judicial District Court
Anderson County, Texas
Mark Calhoun, Judge Presiding

**PETITION FOR DISCRETIONARY REVIEW**

State Counsel for Offenders

Kenneth Nash, Appellate Chief
State Bar of Texas No. 14811030

Nicholas Mensch
State Bar of Texas No. 24070262
P. O. Box 4005
Huntsville, TX 77342
(936) 437-5252
(936) 437-5279 (fax)
nicholas.mensch@tdcj.texas.gov

Attorney for Applicant

FILED IN
COURT OF CRIMINAL APPEALS

July 15, 2015

ABEL ACOSTA, CLERK

**ORAL ARGUMENT NOT REQUESTED**

**PETITIONER:**
Robert Presley, TDCJ# 00508131

**TRIAL COUNSEL FOR PETITIONER:**
Barbara Law[1]
State Bar of Texas No. 12000460
State Counsel for Offenders
P.O. Box 4005; Huntsville, Texas 77342
(936) 437-5275/(936) (936) 437-5293 fax

**APPELLATE COUNSEL FOR PETITIONER:**
Kenneth Nash, Appellate Chief
State Bar of Texas No. 14811030
Nicholas Mensch
State Bar of Texas No. 24070262
State Counsel for Offenders
P.O. Box 4005; Huntsville, Texas 77342
(936) 437-5252/(936) 437-5279 (fax)

**RESPONDENT:**
The State Of Texas

**TRIAL COUNSEL FOR RESPONDENT**
Cindy Garner
State Bar of Texas No. 07673100
Special Prosecution Unit
500 South Seventh Street; Crockett, Texas 75835
(936) 545-5297

**APPELLATE COUNSEL FOR RESPONDENT:**
Melinda Mayo Fletcher
State Bar of Texas No. 18403630
Special Prosecution Unit
P.O. Box 1744; Amarillo, Texas 79105
(806) 367-9407/(866) 923-9253 fax

---

[1] Ms. Law has retired from State Counsel for Offenders

# TABLE OF CONTENTS

Identity of Parties and Counsel ............................................................................ ii

Index of Authorities .......................................................................................... iv

Statement Regarding Oral Argument ................................................................. 1

Statement of the Case ....................................................................................... 1

Statement of Procedural History ...................................................................... 2

Grounds for Review .......................................................................................... 2

    I.      Whether the Court of Appeals holding that when Article 42.08(b) applies, the trial court need not specify the prior conviction to be cumulated because that information will be known by the TDCJ, is an improper delegation of judicial authority to an executive agency? ...................................................................................... 4

    II.    Whether the trial court abused the *nunc pro tunc* procedure by entering a new judgment to correct an error, if any, that was the product of judicial reasoning? ................................................... 8

    III.   Whether the State improperly circumvented the direct appellate review process in favor of the *nunc pro tunc*? ......................................... 13

    IV.    Whether the State was estopped from petitioning the district court for a judgment *nunc pro tunc* that would effectively amend a material term of the plea-bargain agreement upon which Petitioner detrimentally relied*?* ............................................................................. 14

Statement of Facts ............................................................................................ 3

Argument .......................................................................................................... 4

Prayer for Relief ............................................................................................... 19

Certificate of Compliance ................................................................................ 20

Certificate of Service ...................................................................................... 20

Appendix

# INDEX OF AUTHORITIES

**Cases**

*Alvarez v. State*,
605 S.W.2d 615 (Tex. Crim. App. 1980) ........................................................9

*Armadillo Bail Bonds v. Texas*,
802 S.W.2d 237 (Tex. Crim. App. 1990) .......................................................5

*Badsen v. State,*
897 S.W.2d 319 (Tex. Crim. App. 1995) ....................................................9, 17

*Blanton v. State,*
369 S.W.3d 894 (Tex. Crim. App. 2012) .....................................................8, 9

*Bell v. State,*
994 S.W.2d 173 (Tex. Crim. App. 1999) .......................................................6

*Bullock v. State,*
705 S.W.2d 814 (Tex. App.—Dallas 1986, no pet.) ............................. 12, 18

*Coleman v. State*,
898 S.W.2d 327 (Tex. Crim App. 1993) ........................................................9

*Diekman v. Snell*,
490 S.W.2d 183 (Tex. 1973) ................................................................. 10, 11

*Ex parte Adkins*,
767 S.W.2d 809 (Tex. Crim. App. 1989) .....................................................15

*Ex parte Chi*,
256 S.W.3d 720 (Tex. Crim. App. 2008) .......................................................6

*Ex parte De Leon,*
400 S.W.3d 83 (Tex. Crim. App. 2013) ........................................... 15-16, 19

*Ex parte Dickerson*,
702 S.W.2d 657 (Tex. Crim. App. 1986) .....................................................12

*Ex parte Giles,*
        502 S.W.2d 774 (Tex. Crim. App. 1974) .......................................................5

*Ex parte Johnson*,
        697 S.W.2d 605 (Tex. Crim. App. 1985) ......................................................17

*Ex parte McJunkins*,
        954 S.W.2d 39 (Tex. Crim. App. 1997) ................................................... 17, 18

*Ex parte Moussazadeh*,
        64 S.W.2d 404 (Tex. Crim. App. 2001) ......................................................15

*Ex parte Sims*,
        868 S.W.2d 803 (Tex. Crim. App. 1993) ......................................................18

*Ex parte Poe*,
        751 S.W.2d 873 (Tex. Crim. App. 1988) ........................................................8

*Ex parte Voelkel*,
        517 S.W.2d 291 (Tex. Crim. App. 1975) ......................................................18

*Finlay v. Jones,*
        435 S.W.2d 136 (Tex. 1969) ................................................................. 10-11

*Kelley v. State,*
        676 S.W.2d 104 (Tex. Crim. App. 1984) .......................................................5

*LaPorte v. State*,
        840 S.W.2d 412 (Tex. Crim. App. 1998) ......................................................17

*Massey v. State*,
        No. 01-88-00862-CR, 1989 Tex. App. LEXIS 772 (Tex. App.–Houston [1st]
        1989, no pet.) (not designated for publication) .............................................12

*Meshell v. State*,
        739 S.W.2d 246 (Tex. Crim. App. 1987) .......................................................5

*Miller v. State*,
        33 S.W.3d 257 (Tex. Crim. App. 2000) ......................................................15

*Moore v. State,*
      295 S.W.3d 329 (Tex. Crim. App. 2009) .......................................................15

*Presley v. State,*
      No. 12-14-00231-CR, 2015 Tex. App. LEXIS 6810 (Tex. App.–Tyler June 17, 2015, pet. filed) (not designated for publication) ........................... 2, 6, 12

*Resanovich v. State,*
      906 S.W.2d 40 (Tex. Crim. App. 1995) .......................................................17

*Rhodes v. State,*
      240 S.W.3d 882 (Tex. Crim. App. 2007) ................................................ 16, 17

*Smith v. State,*
      15 S.W.3d 294 (Tex App.–Dallas 2000, no pet.) ...........................................13

*State v. Acosta,*
      948 S.W.2d 555 (Tex App.–Waco 1997, no pet.) ..........................................13

*State v. Bates,*
      889 S.W.2d 306 (Tex Crim. App. 1994) ........................................................8

*State v. Dudley,*
      223 S.W.3d 717 (Tex App.–Tyler 2007, no pet.) .....................................8, 17

*State v. Gobel,*
      988 S.W.2d 852 (Tex App.–Tyler 1999, pet. ref'd) ......................................13

*State v. Hardy,*
      769 S.W.2d 353 (Tex App.–Houston [1st] Dist. 1989, no pet.)............. 5, 6, 7

*State v. Ross,*
      953 S.W.2d 748 (Tex. Crim. App. 1997) .....................................................13

*Stock v. Schmitt,*
      No. 05-10-00337-CR, 2011 Tex. App. LEXIS 2231 (Tex App.–Dallas 1985, no pet.)(not designated for publication) ................................................ 11, 12

*Stock v. Stock,*
      702 S.W.2d 713 (Tex App.–San Antonio 1985, no pet.) .............................10

*Tex. Dept of Public Safety v. Moore*,
51 S.W. 3d 355 (Tex. App.–Tyler 2001, no pet.)..............................................8

*United States v. Benz*,
282 U.S. 304 (1930)...................................................................................18

**Rules**

Texas Rule of Appellate Procedure 25.2(a)(1) ........................................................13

Texas Rule of Appellate Procedure 26.2(b).............................................................13

Texas Rule of Appellate Procedure 77.3 .................................................................11

**Statutes**

Texas Code of Criminal Procedure 26.13(a)(2).......................................................15

Texas Code of Criminal Procedure 42.08(b) ........................ 2, 6, 7, 9, 11, 12, 15, 17

Texas Code of Criminal Procedure 44.01(b)...........................................................13

Texas Code of Criminal Procedure 44.01(d)...........................................................13

Texas Government Code §§ 491-511 ........................................................................6

Texas Government Code § 493.001...........................................................................7

Texas Government Code § 508.031...........................................................................6

Texas Government Code § 508.0441 .........................................................................7

Texas Penal Code § 38.11(j) ....................................................................................1

**Constitutions**

Texas Constitution Article II, § 1 .......................................................................... 4-5

Texas Constitution Article IV, § 11 ................................................................6

Texas Constitution Article IV, § 11B ..............................................................6

Texas Constitution Article V, § 1 ...................................................................5

Robert Presley petitions this Court to review the Twelfth Court of Appeals' opinion and judgment affirming, as modified, the trial court's judgment:

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

## STATEMENT OF THE CASE

On October 11, 2012, an Anderson County grand jury returned an indictment charging Petitioner with the offense of Possession of a Prohibited Item in a Correctional Facility.[2] (C.R. at 5-7). Thereafter, on February 24, 2014, Petitioner pled guilty as charged in the indictment and was assessed a 4-year prison sentence. (C.R. at 10-14); (R.R. - Plea Hearing at 10 and 15). In accordance with the terms of the plea-bargain agreement, the trial court ordered that the 4-year sentence "shall run consecutively to the sentence assessed in Cause No. F812704PM, State v. Ronnie Presley, in the District Court of Dallas County, Texas." (C.R. at 10 and 12).[3] On June 6, 2014, over Petitioner's opposition the trial court entered a judgment *nunc pro tunc* containing an altogether different cumulation order as follows:

> This Sentence shall run consecutively to the sentence assessed in
> Cause No. F88-86965-JL, State vs. Ronnie Presley, in the Criminal

---

[2]    See Tex. Pen. Code § 38.11(j).

[3]    The district court's oral cumulation order was considerably less precise. The district court ordered that his 4-year sentence "will run consecutive to any other sentence that you're currently serving." (R.R. - Plea Hearing at 15).

1

District Court No. 5 of Dallas County, Texas wherein the Defendant was convicted of the offense of Aggravated Assault (Deadly Weapon).

## STATEMENT OF PROCEDURAL HISTORY

The Twelfth Court of Appeals affirmed the trial court's judgment *nunc pro tunc* as modified. *Presley v. State*, No. 12-14-00231-CR, 2015 Tex. App. LEXIS 6810 (Tex. App.—Tyler June 17, 2015, pet. filed) (not designated for publication).[4] The Court held "that when Art. 42.08(b)[5] applies, the trial court need not specify the prior conviction on which a defendant's sentence is to be cumulated under Art. 42.08(b) because that information will be known by the TDCJ [Texas Department of Criminal Justice]." The Court of Appeals then modified the stacking order of the judgment to state "any other sentence that Ronald Presley is currently serving." (see Appendix A). No motion for rehearing was filed.

## GROUNDS FOR REVIEW

I.    Whether the Court of Appeals holding that when Article 42.08(b) applies, the trial court need not specify the prior conviction to be cumulated because that information will be known by the TDCJ, is an improper delegation of judicial authority to an executive agency?

---

[4]    The panel that decided this case was composed of, Worthen, CJ., Hoyle and Neely, JJ., with Justice Hoyle signing the *Memorandum Opinion*.

[5]    Tex. Code Crim. Proc. 42.08(b).

II. Whether the district court abused the *nunc pro tunc* procedure by entering a new judgment to correct an error, if any, that was the product of judicial reasoning?

III. Whether the State improperly circumvented the direct appellate review process in favor of the *nunc pro tunc*?

IV. Whether the State was estopped from petitioning the district court for a judgment *nunc pro tunc* that would effectively amend a material term of the plea-bargain agreement upon which Petitioner detrimentally relied?

## STATEMENT OF FACTS

In April 2014, the State presented a Motion for Judgment *Nunc Pro Tunc* to the district court claiming that its so-called "stacking" order in its original judgment of February 14, 2014, "fail[ed] to accurately set forth the sentence the Defendant is presently serving in the Texas Department of Criminal Justice."[6] On April 14, Petitioner filed written objections to the State's motion. (C.R. at 20-22). Petitioner contended: (1) that there was no "typographical error" in the trial court's original judgment; (2) that the trial court's original judgment accurately memorialized the sentence orally pronounced in accordance with the express terms of the plea-bargain agreement; (3) that the State's proposed judgment *nunc pro tunc* would materially alter a term of the plea-bargain agreement upon which Petitioner detrimentally relied; (4) that the *nunc pro tunc* procedure was

---

[6] While the trial court mentions the State's motion during the hearing, (R.R. - Motion for Nunc Pro Tunc at 4), the State's motion was not included in the Clerk's Record despite Petitioner's specific request. (C.R. at 35-36). Moreover, Petitioner's review of the district clerk's original file reveals that the motion may not have been filed of record with the district court.

3

unavailable in this instance because any error in the judgment was the product of judicial reasoning and not due to clerical inadvertence; (5) that the State's right, if any, to review the "stacking" order had lapsed because the State failed to timely perfect an appeal from the "stacking" order within 20 days of its entry in the judgment; and (6) the State was estopped from requesting a modification of the district court's cumulation order that would vary from the terms of the original plea-bargain agreement. (C.R. at 20-22); (R.R. - Motion for Nunc Pro Tunc at 6-7).

On June 6, 2014, over Petitioner's opposition the trial court granted the State's motion and entered a judgment *nunc pro tunc* containing an altogether different cumulation order as follows:

> This Sentence shall run consecutively to the sentence assessed in Cause No. F88-86965-JL, State vs. Ronnie Presley, in the Criminal District Court No. 5 of Dallas County, Texas wherein the Defendant was convicted of the offense of Aggravated Assault (Deadly Weapon).

## **ARGUMENT**

I.  **Whether the Court of Appeals holding that when Article 42.08(b) applies, the trial court need not specify the prior conviction to be cumulated because that information will be known by the TDCJ, is an improper delegation of judicial authority to an executive agency?**

Article II, § 1 of the Texas Constitution provides:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are legislative to

4

one, those which are Executive to another, and those which Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

This Court has long held that Tex. Const. article II, § 1's "separation of powers of government ensures 'that a power which has been granted to one department of government may be exercised only by that branch to the exclusion of others.'" *Meshell v. State*, 739 S.W.2d 246, 252 (Tex. Crim. App. 1987), quoting *Ex parte Giles*, 502 S.W.2d 774, 780 (Tex. Crim. App. 1974). The separation of powers doctrine may be violated (1) "when one branch of government assumes, or is delegated, to whatever degree, a power that is more 'properly attached' to another branch" or (2) "when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers." *Armadillo Bail Bonds v. Texas*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990). Article V, § 1 of the Texas Constitution confers the judicial power of the state to the courts. *Id*. "'Judicial power' as envisioned by the Constitution embraces '(1) The power to hear facts, (2) the power to decide the issues of fact made by the pleadings, (3) the power to decide the questions of law involved, (4) the power to enter a judgment on the facts found in accordance with the law as determined by the court, (5) and the power to execute the judgment or sentence." *State v. Hardy*, 769 S.W.2d 353, 355 (Tex. App.—Houston [1st] Dist. 1989, no pet.). See also *Kelley v. State*, 676 S.W.2d 104 (Tex. Crim. App. 1984).

5

"[J]udicial power ascertains and enforces the law as created by the legislative power." *Id*. The Texas Department of Criminal Justice is in the executive branch of government. See Tex. Gov't Code §§ 491-511; Texas Const. art. IV, § 11B; *Ex parte Chi*, 256 S.W.3d 720, 728 (Tex. Crim. App. 2008) (Price. J, dissenting). This also pertains to the Texas Board of Pardons and Parole. See *e.g.* Tex. Gov't Code § 508.031 and Texas Const. article IV, §11.

The Court of Appeals held that "when Article 42.08(b) applies, the trial court need not specify the prior conviction on which a defendant's sentence is to be cumulated under Article 42.08(b) because that information will be known by the TDCJ." *Presley*, No. 12-14-00231-CR, slip op. at 5. The reasoning of the Court of Appeals was that "when a cumulation order is made pursuant to Article 42.08(b), the TDCJ 'will necessarily be aware of both (1) the fact that the defendant was an inmate at the time he committed the offense; and (2) the specifics regarding the sentence for which the defendant was serving at the time.'" *Id*, citing *Bell v. State,* 994 S.W.2d 173, 174 (Tex. Crim. App. 1999). Based on this holding, the Court of Appeals modified the cumulation order, replacing it with "any other sentence that Ronald Presley is currently serving." *Id.* at 7. However, *Bell* is distinguishable from this case. *Bell* held that Tex. Code Crim. Proc. 42.08(b) does not require record evidence of the prior conviction for enhancement purposes. *Bell*, 994 S.W.2d at 175. In contrast, this case does not involve the requirement of proof to

prove up an enhancement allegation, but whom gets to determine which sentence to use for the cumulation order as mandated by Tex. Code Crim. Proc 42.08(b). Here the Court of Appeals has allowed the TDCJ to determine which sentence to use for cumulation.

The holding of the Court of Appeals constitutes an unconstitutional delegation of powers from the judiciary to an executive agency. The holding allows for a trial court to abdicate its duty to enter a judgment on the facts found in accordance with the law as determined, and its duty to execute the judgment or sentence." *Hardy*, 769 S.W.2d at 355. This is accomplished by giving the TDCJ the discretion to determine which sentence to cumulate a person's new sentence onto, instead of the trial court. The mission of the TDCJ "is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime." Tex. Gov't Code § 493.001. The duties of the Board of Pardons and Parole are outlined in Tex. Gov't Code § 508.0441. Neither of these agencies have any inherent judicial power. By reforming the judgment to merely state that the conviction should be served consecutively to "any other sentence that Ronald Presley is currently serving," the Court of Appeals has taken away a judicial officer's ability to enter a judgment as proscribed by law and has given that duty to TDCJ. From the opinion, it would also seem that TDCJ's ability to cumulate a person's sentence would be without discretion, as an inmate would

have to put their trust in TDCJ to pick the appropriate sentence to cumulate onto without judicial oversight. This results in an improper delegation of judicial authority.

## II. Whether the district court abused the *nunc pro tunc* procedure by entering a new judgment to correct an error, if any, that was the product of judicial reasoning?

"The purpose of a nunc pro tunc is to correctly reflect from the records of the court of a judgement actually made by it, but which for some reason was not entered of record at the proper time." *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). "The corrections must reflect the judgment that was actually rendered but that, for some reason, was not properly entered into the record at the time of the judgment." *Blanton v. State*, 369 S.W.3d 894, 898 (Tex. Crim. App. 2012). Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *Blanton*, 369 S.W.3d at 898; *State v. Dudley*, 223 S.W.3d 717, 721-22 (Tex. App.—Tyler 2007, no pet.). "A clerical error is one which does not result from judicial reasoning or determination." *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). "A judicial error is one made by the court in rendering judgment, as opposed to a failure to accurately recite the judgment rendered." *Tex. Dept of Public Safety v. Moore*, 51 S.W. 3d 355, 358 (Tex. App.—Tyler 2001, no pet.). The determination of whether an error is clerical or judicial in nature is a question of law, and a

district court's determination in this regard is not binding on an appellate court. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). Entry of a judgment *nunc pro tunc* is improper if it modifies, changes, or alters the original judgment pronounced in open court or has the effect of making a new order. *Blanton*, 369 S.W.3d at 898. Furthermore, a *nunc pro tunc* judgment may not be used by a district court to change the record to reflect what the district court believes should have occurred in the original proceeding. *Id*.

Here the State stated that she had prepared the original judgment based on the information she had in her file. (R.R. – Motion for Nunc Pro Tunc at 5). Subsequent to the trial court entering the judgment, the State received a phone call that the offense indicated in the judgment was not a stackable offense. *Id*. However, the *nunc pro tunc* hearing appears to indicate that Petitioner was apparently, at the time of the nunc hearing, still serving his sentence for the aggravated assault, and was thus a stackable offense. There was no dispute that Petitioner was serving the sentence at the time of the original plea. See *Coleman v. State*, 898 S.W.2d 327, 329 (Tex. App.—Tyler 1993), *aff'd sub nom*, *Basden v. State*, 897 S.W.2d 319 (Tex. Crim. App. 1995) ("Original Sentence" as contained in Tex. Code of Crim. Proc. 42.08(b)[7] to mean "any sentence that the inmate is

___

[7] Tex. Code Crim. Proc. 42.08(b) provides:

9

presently serving or any sentence that a given defendant has received."). The

following exchange illustrates this:

> THE COURT: Is he still serving time on that sentence out of Dallas County, aggravated assault with a deadly weapon?
> MS. LAW: Your Honor --
> MS. GARNER: Judge, if he is, it's just a very little bit of time, because it was assessed in '89.
> MS. LAW: That's my understanding, is that's the sentence he's serving right now.
> THE COURT: Currently?
> MS. LAW: He's currently serving this aggravated assault.
> THE COURT: And no other sentence is he serving time for currently?
> MS. LAW: Your Honor, I'm sorry, I was not prepared to --
> THE COURT: Okay. All right. * * *

(R.R. - Motion for Nunc Pro Tunc at 10).

"Where a judgment is prepared by an attorney for the successful party and

signed and entered by the court, it becomes the judgment of the court." *Stock v.*

*Stock,* 702 S.W.2d 713, 716 (Tex. App.—San Antonio 1985, no pet.). "Recitations

or provisions alleged to have been inserted or omitted by a mistake of the attorney

are nevertheless part of the court's judgment." *Id.*, citing *Diekman v. Snell*, 490

S.W.2d 183 (Tex. 1973). "A judgment *nunc pro tunc* cannot 're-adjudicate or

rewrite and change the decretal portion of the judgment as rendered.'" *Id.* "Thus,

---

> If a defendant is sentenced for an offense committed while the defendant was an inmate in the Texas Department of Criminal Justice and serving a sentence for an offense other than a state jail felony and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense

10

erroneous recitals in a judgment are judicial errors which cannot be cured by a *nunc pro tunc* proceeding after the judgment is final." *Id.*, citing *Finlay v. Jones*, 435 S.W.2d 136 (Tex. 1969). Here, the State prepared the judgment in this case, which the trial court entered on the day of Petitioner's plea. A few months later, the trial court changed the judgment to reflect a different cause number for stacking purposes when the State thought the offense was at a stackable offense when it appears it was. This edit of the cumulation order constituted a change in the decretal portion of the judgment, as it is mandatory that any sentence Petitioner received would be stacked upon the sentence he was currently serving. See Tex. Code Crim. Proc. 42.08(b). In other words, Petitioner contends that the cumulation order is part of the decretal portion of the judgment. Thus, the decision to change the cumulation order in the judgment was in error as the trial court was attempting to correct a judicial error.

Also, a trial court's decision to cumulate a defendant's sentences is a judicial determination. *State v. Schmitt*, No. 05-10-00337-CR, 2011 Tex. App. LEXIS 2231 at *5 (Tex. App.—Dallas 2011) (not designated for publication), aff'd, No. PD-0594-11, 2012 Tex. Crim. App. Unpub. LEXIS 887 (Tex. Crim. App. 2012).[8] Therefore, an order modifying an original cumulation order (which was the

---

[8] See Tex. R. App. 77.3 ("Unpublished opinions have no precedential value and must not be cited as authority by counsel as authority by counsel or by a court."). Petitioner's counsel does not cite this case as authority, but as he cited this case in the Court of Appeals, Petitioner feels these cases may be helpful.

product of judicial reasoning) is void as a matter of law and must be stricken. *Schmitt*, 2011 Tex. App. LEXIS 2231 at *6-7. Here, the trial court did not merely repair a cause number in which a couple numerals were inadvertently transposed or correct the spelling of a word or two. Rather, the trial court substituted one prior conviction for another. In sum, the trial court simply can't do that. See *Massey v. State*, No. 01-88-00862-CR, 1989 Tex. App. LEXIS 772 at *2-6 (Tex. App.— Houston [1st Dist.] 1989, no pet.) (not designated for publication) wherein the First Court of Appeals struck a district court's cumulation order entered in its judgment *nunc pro tunc* that was entirely different from its original cumulation order pronounced at the time of sentencing. See also *Ex parte Dickerson*, 702 S.W.2d 657 (Tex. Crim. App. 1986). The Court of Appeals criticized Petitioner's reliance on these cases because the cases did not apply Tex. Code Crim. Proc. 42.08(b). *Presley*, No. 12-14-00231-CR, slip op. at 5. This is nothing more than a distinction without a difference. Whether discretionary or mandatory, a trial court may correct only clerical, not judicial, errors in its cumulation order. *Bullock v. State*, 705 S.W.2d 814, 816 (Tex. App.—Dallas 1986, no pet.) (involving an earlier version of art. 42.08 that vested the trial court with discretion to determine wither a sentence should run consecutively or concurrently, *id*. at 815, fn. 1).

**III. Whether the State improperly circumvented the direct appellate review process in favor of the *nunc pro tunc*?**

The State may appeal a district court's order in a criminal case "on the ground that the sentence is illegal." Tex. Code Crim Proc. 44.01(b), Tex. R. App. P. 25.2(a)(1), *State v. Ross*, 953 S.W.2d 748, 749 (Tex. Crim. App. 1997). The State's notice of appeal must be filed no later than the 20th day after the date on which the district court "entered" the sentence to be appealed. Tex. Code Crim Proc. 44.01(d), Tex. R. App. P. Rule 26.2(b). The timetable for the State's notice of appeal commences on the day of the signing of the appealable order. *State v. Acosta*, 948 S.W.2d 555, 556 (Tex. App.—Waco 1997, no pet.). See *State v. Gobel*, 988 S.W.2d 852, 853-54 (Tex. App.—Tyler 1999, pet. ref'd) (dismissing the State's appeal as untimely and on the basis that a *nunc pro tunc* order (which made no substantive change in an original order) created no new, separate right for the State to appeal under article 44.01(a)).

Assuming *arguendo* that the trial court's cumulation order (incorporated within its original judgment) was erroneous as a matter of law and not merely fraught with a scrivener's error, the State could not circumvent the requirements of Tex. Code Crim Proc. 44.01 for a timely appeal by utilizing the *nunc pro tunc* procedure. *Smith v. State*, 15 S.W.3d 294 (Tex. App.—Dallas 2000, no pet.) (holding that the entry of an improvident order does not "transpose the 'error' in question into a clerical error rather than a judicial error."). If the State was

dissatisfied with the trial court's February 14, 2014 judgment (and the cumulation order contained within it), the State had an avenue in which to challenge that judgment: the direct appellate review process. By delaying until April 2014 to do something about it, the State had already exceeded the time limit in which to institute an appeal, so the State sought recourse through the *nunc pro tunc* procedure. For what the State was trying to accomplish, the *nunc pro tunc* procedure was an inappropriate remedial process. See *Supra* at 8-12.

**IV. Whether the State was estopped from petitioning the district court for a judgment *nunc pro tunc* that would effectively amend a material term of the plea-bargain agreement upon which Petitioner detrimentally relied?**

Petitioner entered into a plea-bargain agreement with the State whereby he would plead guilty to the offense of Possession of a Prohibited Item in a Correctional Facility (and waive several constitutional and statutory rights) in exchange for a negotiated 4-year sentence to be served consecutively to his sentence imposed in Cause No. F812704PM by a Dallas County district court.[9] (C.R. at 10-11); (R.R. - Plea Hearing at 6-7). On February 24, 2014, Petitioner pled guilty as agreed. (CR. at 10-11 and 12-13); (R.R. - Plea Hearing at 10). The

---

[9]    A special term of the plea-bargain agreement (in the handwriting of the State's attorney) stipulated that this 4-year sentence would be "stacked on # F812704PM, Dallas Co. convicted of Agg[ravated] Assault w/ Deadly Weapon." C.R. at 10. See Tex. Code Crim. Proc. 38.25 ("When an instrument is partly written and partly printed, the written shall control the printed portion when the two are inconsistent.").

trial court approved the plea-bargain agreement as stipulated by the parties and sentenced Petitioner accordingly. (C.R. at 11-14); (R.R. - Plea Hearing at 15).

A plea-bargain agreement, like the one between Petitioner and the State, is a contract. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). Plea-bargain agreements may contain a wide variety of stipulations and conditions. *Id*. at 331-32. Although a cumulation under Tex. Code Crim. Proc. 42.08(b) is not discretionary, *Miller v. State*, 33 S.W.3d 257, 261 (Tex. Crim. App. 2000), presumably the parties are otherwise free to negotiate over the language of a proposed cumulation order. See *Ex parte Adkins*, 767 S.W.2d 809, 810 (Tex. Crim. App. 1989) ("The terms of plea agreements, being contractual in nature, are left to the parties to determine and agree upon and . . . this Court will not disturb the terms of such agreements."). Moreover, as a contract, once both parties have entered knowingly and voluntarily into a plea bargain, they are bound by the terms of that agreement once it is accepted by the judge. *Id*. at 331; see Tex. Code Crim. Proc. 26.13(a)(2).

Reviewing courts apply general contract law principles to determine the content of a plea-bargain agreement. *Ex parte Moussazadeh*, 64 S.W.3d 404, 411 (Tex. Crim. App. 2001). Once a plea-bargain agreement is finalized and the trial court binds itself to the terms of the plea-bargain agreement, the State and the defendant are entitled to the benefit of the bargain. *Ex parte De Leon*, 400 S.W.3d

83, 89 (Tex. Crim. App. 2013). Where a party (*i.e.*, the State in this case) accepts the benefits under a contract, that party is estopped (by the equitable doctrine of estoppel by contract) from thereafter questioning the contract's existence, validity, or effect. *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007). "[E]stoppel can apply not only to unilateral requests . . . but also in the context of agreements, where the "request" is mutual. As is true with most contracts, it is typical that both parties to a plea bargain will benefit from the judgment." *Rhodes*, 240 S.W.3d at 891. See (R.R. - Motion for Nunc Pro Tunc at 7).

The State secured Petitioner's waiver of numerous constitutional and statutory rights in return for the State's recommendation to the trial court that it impose a 4-year sentence to be served cumulatively to the sentence as recited in the plea-bargain agreement, a benefit to the State. The State may not change, and be relieved from, a term of the plea-bargain agreement a month and a half later just because the State discovers that it made a mistake as to that term. *Rhodes*, 240 S.W.3d at 892. See (R.R. - Motion for Nunc Pro Tunc) at 5). The State helped procure and benefit from the plea-bargain agreement; it should not be allowed to complain about it now. *Id.*

Legal rules may be divided into (1) absolute requirements and prohibitions which cannot be waived or forfeited, (2) rights of litigants that must be implemented unless affirmatively waived, and (3) rights of litigants that are

16

implemented on request but are forfeited by a failure to invoke them. *Ex parte McJunkins*, 954 S.W.2d 39, 40 (Tex. Crim. App. 1997). A sentence is illegal and void if it is "not within the universe of punishments applicable to the offense." *Dudley*, 223 S.W.3d at 721, citing *Ex parte Johnson*, 697 S.W.2d 605, 607 (Tex. Crim. App. 1985). Ordinarily, an improper cumulation order creates a void sentence. *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). A defect which renders a sentence void may be raised at any time. *Id.* Consequently, a contemporaneous objection is not necessary to preserve the error for appellate review. *Id.* If a defendant was in prison at the time he committed the offense being prosecuted, then Tex. Code Crim. Proc. 42.08(b) requires the district court to cumulate the new sentence with the sentence he was serving at the time of the offense. *Resanovich v. State*, 906 S.W.2d 40, 42 (Tex. Crim. App. 1995). If a defendant is serving multiple stacked sentences at the time he commits his new offense, Tex. Code Crim. Proc. 42.08(b) permits the district court to cumulate the new sentence with the most recent (prior) sentence, *Basden*, 897 S.W.2d at 322 , but does not expressly require it (as long as the new sentence is cumulated to a prior uncompleted penitentiary sentence). Moreover, if the original cumulation order was defective, the State could have reformed it on direct appeal, if it had timely done so, but didn't. *Rhodes*, 240 S.W.3d at 888.

17

At the motion hearing the prosecutor remarked: "Subsequent to that, TDCJ called and told me that the offense that I stacked on was not a stackable offense in their records, and so I'm here trying to clear that up." (R.R. Motion for Nunc Pro Tunc at 5). If that is indeed true[10], then Petitioner had already begun serving the sentence imposed in the district court's original judgment. That being the case, the district court may not, in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, alter the terms of a cumulation order through the *nunc pro tunc* process. *Bullock*, 705 S.W.2d at 815-16, citing *Ex parte Voelkel*, 517 S.W.2d 291, 292 (Tex. Crim. App. 1975), and *United States v. Benz*, 282 U.S. 304, 307 (1930).

Specific performance is appropriate if that remedy doesn't do violence to the original terms of the agreement as contemplated by the parties, *i.e.*, one party would be detrimentally bound to the terms of the plea-bargain agreement while the other party would be relieved of it. *Ex parte Sims*, 868 S.W.2d 803, 804-05 (Tex. Crim. App. 1993), overruled in part by *Ex parte McJunkins*, 954 S.W.2d at 41. In this case, Petitioner is entitled to specific performance of the cumulation order as an expressed term of the plea-bargain agreement and as incorporated in the district

---

[10] Petitioner has argued *supra* that the record may support the offense still being served and thus stackable at the time of the nunc hearing, see p. 9-10, Petitioner's counsel feels that he must argue the contrary in an abundance of caution if this Court should agree with the State that the aggravated robbery offense was not a stackable offense. Petitioner does note that no penitentiary packets were introduced at the *nunc pro tunc* hearing. See (R.R. – Motion for Nunc Pro Tunc) and Letter from Court of Appeals to counsel dated May 18, 2015.

court's original judgment of February 24, 2014. *Ex parte De Leon*, 400 S.W.3d at 91 (Keller, P.J., concurring). The State's motion (and the trial court's consequent judgment *nunc pro tunc*) materially altered the terms of the plea-bargain agreement and the cumulation order in the original judgment. The trial court essentially relieved the State from the adverse consequences of the plea-bargain agreement.

## PRAYER

Wherefore, Petitioner prays that this Court grant this petition, set his case for submission, and reverse the Twelfth Court of Appeal's judgment (and the trial court's judgment) and reinstate, or remand the case to the trial court so that it may reinstate, the original judgment entered on February 24, 2014. Petitioner also prays for such other relief that this Court may deem appropriate.

Respectfully submitted,

State Counsel for Offenders
Attorney for Petitioner

/s/ Nicholas Mensch
Nicholas Mensch
State Bar of Texas No. 24070262
P. O. Box 4005
Huntsville, TX 77342
(936) 437-5252
(936) 437-5279 (fax)
nicholas.mensch@tdcj.texas.gov

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 9.4, Rules of Appellate Procedure, I certify that this computer-generated document complies with the typeface requirements of Rule 9.4(e) and is comprised of 4,362 words (excluding the items exempted in Rule 9.4(i)(1)).

/s/ Nicholas Mensch
Nicholas Mensch

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Petition for Discretionary Review* was served upon opposing counsel noted below, by one or more of the following: certified mail (return receipt requested), facsimile transfer, or electronic mail (e-mail), on this 14th day of July, 2015.

Melinda Fletcher
Special Prosecution Unit
P. O. Box 1744
Amarillo, TX 79105
Telephone no. 806-367-9407
Facsimile no. 866-923-9253
E-mail address: mfletcher@sputexas.org

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711
E-mail address: information@spa.texas.gov

/s/ Nicholas Mensch
Nicholas Mensch

No. _____

---

## IN THE COURT OF CRIMINAL APPEALS

---

## RONALD PRESLEY v. THE STATE OF TEXAS

---

On Petition for Discretionary Review from
Appeal No. 12-14-00231-CR
in the Court of Appeals, Twelfth District, at Tyler

Trial Court Cause No. 31,089
3rd Judicial District Court
Anderson County, Texas
Mark Calhoun, Judge Presiding

---

## **APPENDIX**

---

Twelfth Court of Appeals Opinion and Judgment.......................................Exhibit A

| | | |
|---|---|---|
| *RONALD PRESLEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Ronald Presley appeals the trial court's judgment nunc pro tunc convicting him of the offense of possession of a prohibited item in a correctional facility. He raises three issues on appeal. We affirm as modified.

### BACKGROUND

An Anderson County grand jury returned a five count indictment against Appellant that alleged he possessed prohibited items in a correctional facility, namely, a cellular phone (count I), a cellular phone battery (count II), a cellular phone charger (count III), and marijuana (counts IV and V). The indictment also contained four enhancement paragraphs that alleged he was an habitual offender. Pursuant to a plea agreement, the State took into consideration counts II, III, IV, and V, waived the enhancement paragraphs, recommended a four year sentence to run consecutively with a particular prior conviction in return for Appellant's plea of guilty to count I. The trial court accepted the plea agreement, found Appellant "guilty," assessed punishment at four years of imprisonment, and ordered the sentence to run consecutively.

More than thirty days after the trial court's judgment became final, the trial court conducted a hearing on the State's motion for judgment nunc pro tunc that sought to change the prior

conviction named in the judgment's cumulation order. The trial court issued a judgment nunc pro tunc as requested. This appeal followed.

**JUDGMENT NUNC PRO TUNC**

In his first issue, Appellant argues that the trial court abused the nunc pro tunc procedure by entering a new judgment to correct an error, if any, that was the product of judicial reasoning. The State contends that the judgment nunc pro tunc correctly reflects the sentence pronounced and statutorily mandated.

**Standard of Review**

A judgment nunc pro tunc is the vehicle by which a trial court is permitted to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *See* **Blanton v. State**, 369 S.W.3d 894, 898 (Tex. Crim. App. 2012) (citing **Collins v. State**, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007)). The correction must reflect the judgment actually rendered, and may not be used to reflect what the trial court believes should have occurred in the original proceeding. *See* **Blanton**, 369 S.W.3d at 898; **In re Hancock**, 212 S.W.3d 922, 928 (Tex. App.—Fort Worth 2007, no pet.) ("A correction in a judgment nunc pro tunc 'can be only as to what was done and not as to what should have been done.'") (citations omitted).

A judgment nunc pro tunc is improper if it has the effect of making a new or independent order, and may not be used to modify or add provisions to a previously entered order. *Id.* at 927; **Smith v. State**, 15 S.W.3d 294, 299 (Tex. App.—Dallas 2000, no pet.) (citations omitted). Corrections are limited to clerical errors and are not appropriate to correct a judicial error. **Ex parte Poe**, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988); **State v. Gobel**, 988 S.W.2d 852, 853 (Tex. App.—Tyler 1999, no pet.). The nature of the error determines whether it is clerical or judicial, and it matters not who made the error. *See* **Gomez v. State**, No. 12-13-00050-CR, 2015 WL 303095, at *10 (Tex. App.—Tyler 2015, pet. filed) (not yet released for publication); **Smith**, 15 S.W.2d at 299. Whether a judgment contains a clerical or judicial error is a question of law, which we review de novo. *See* **Blanton**, 369 S.W.3d at 898; **Alvarez v. State**, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980).

**Applicable Law**

Article 42.08(b) of the code of criminal procedure provides as follows:

> If a defendant is sentenced for an offense committed while the defendant was an inmate in the Texas Department of Criminal Justice and serving a sentence for an offense other than a state jail felony and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.

TEX. CODE CRIM. PROC. ANN. art. 42.08(b) (West Supp. 2014). The legislative intent behind Article 42.08(b) is one of deterrence and punishment. *See Basden v. State*, 897 S.W.2d 319, 321 (Tex. Crim. App. 1995) ("The obvious intent of Article 42.08(b) is to deter inmates from committing crimes during their incarceration and to more harshly punish those inmates who are not deterred."). To effectuate this intent, the legislature imposed a mandatory duty upon trial courts to cumulate a defendant's sentence when he commits an offense while an inmate. *See id.*; *see also Bell v. State*, 994 S.W.2d 173, 174 (Tex. Crim. App. 1999); *Brinkley v. State*, 320 S.W.2d 855, 856 (Tex. Crim. App. 1958) ("'Must' and 'shall' are synonymous and are usually mandatory when used in statutes.").

In distinguishing between clerical and judicial errors, the court of criminal appeals has held that a trial court's failure to carry out a mandatory duty results in a clerical error and is not a product of judicial reasoning. *See State v. Ross*, 953 S.W.2d 748, 752 n.5 (Tex. Crim. App. 1997) (citations omitted). This is because, as the court explained, when a trial court has no discretion in a matter, no judicial reasoning is required and thus, the failure to comply with the mandatory duty is a clerical error. *See id.* at 752 n.5. This analysis is consistent with the court's holding in *State v. Bates*, where the court explained that a clerical error is one that does not result from any judicial reasoning or determination. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *Alvarez*, 605 S.W.2d at 617. A clerical error also occurs when a signed judgment inaccurately reflects the true decision of the court. *See Tex. Dep't of Public Safety v. Moore*, 51 S.W.3d 355, 358 (Tex. App.—Tyler 2001, no pet.).

An error is judicial when it is made in rendering judgment. *See id.* A judicial error is evident when the record is devoid of any indication that the order was mistakenly or inadvertently signed by the trial court. *See Ex parte Madding*, 70 S.W.3d 131, 137 (Tex. Crim. App. 2002) (Holcomb, J., concurring) (citing *Smith*, 15 S.W.3d at 300).

**Discussion**

During the guilty plea hearing, the trial court stated, "Having found you guilty of that offense in count one, I will follow the agreement, sentence you to four years with credit from October 11,

3

2012[,] to today's date, and it will run consecutive to any other sentence that you're currently serving." The trial court admitted the plea agreement as State's exhibit one. The cumulation order contains the same prior conviction specified in the plea agreement.

During the hearing on its motion for judgment nunc pro tunc, the prosecutor explained that after judgment was entered, she learned the prior conviction named in the judgment and plea agreement was "not a stackable offense." She maintained that the only error was that the cause number needed to be changed because Appellant had only one prior conviction for aggravated assault with a deadly weapon. The prosecutor further argued, "the law is clear, and it's understandable that we stack on the offense that—the sentence that is being served at the time the new offense is committed." Defense counsel argued that the proposed change did not constitute a clerical error and would ultimately change the terms of the plea bargain. The trial court determined the judgment contained a clerical error and changed the cumulation order to read that Appellant's sentence "shall run consecutively to the sentence assessed in Cause No. F88-86965-JL, State vs. Ronnie Presley, in the Criminal District Court No. 5 of Dallas County, Texas wherein the Defendant was convicted of the offense of Aggravated Assault (Deadly Weapon)."

The parties and the trial court appear to have believed that a specific prior conviction must be described in the judgment in order to cumulate Appellant's sentence. But when a defendant has multiple prior convictions and Article 42.08(b) applies, there is no need to determine which prior conviction should be named in the cumulation order.

In **Bell v. State**, the court of criminal appeals addressed whether cumulating sentences pursuant to Article 42.08(b) required the same amount of proof as required by Article 42.08(a).[1] *See Bell*, 994 S.W.2d at 174. The court held that it did not, and in explaining its reasoning, quoted the State's brief with approval. *Id.* at 174. Among the arguments the court agreed with was the

---

[1] Article 42.08(a) provides, in pertinent part, that

[w]hen the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly[.]

TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2014). Cumulation under this provision requires record evidence of the prior conviction and that the defendant was the person convicted. *See Bell v. State*, 994 S.W.2d 173, 174 (Tex. Crim. App. 1999).

4

State's assertion that when a cumulation order is made pursuant to Article 42.08(b), the TDCJ "will necessarily be aware of both (1) the fact that the defendant was an inmate at the time he committed the offense; and (2) the specifics regarding the sentence for which the defendant was serving at the time." *See id.* at 175. Thus, the court's approval of the State's argument in *Bell* suggests that the TDCJ already has the information it needs to calculate an inmate's time when he is convicted of committing an offense while serving time for another offense. *See generally id.*

In *Coleman v. State*, this court construed the words "original sentence" as contained in Article 42.08(b) to mean "*any* sentence that the inmate is presently serving or *any* sentence that a given defendant has received." *Coleman v. State*, 898 S.W.2d 327, 329 (Tex. App.—Tyler 1993), *aff'd sub nom.*, *Basden v. State*, 897 S.W.2d 319 (Tex. Crim. App. 1995). In affirming this court's holding in *Coleman*, the court held that Article 42.08(b) should be interpreted "in such a way that its provisions act as a deterrent to the commission of a subsequent prison offense and adequately punish the commission of the prior prison offense." *See Basden,* 897 S.W.2d at 322.

Based upon our reading of *Bell*, *Basden*, and *Coleman* together, we hold that a sentence under Article 42.08(b) never runs concurrently with any other sentence. *See Bell*, 994 S.W.2d at 175; *Basden*, 897 S.W.2d at 321; *Coleman*, 898 S.W.2d at 329. We further hold that when Article 42.08(b) applies, the trial court need not specify the prior conviction on which a defendant's sentence is to be cumulated under Article 42.08(b) because that information will be known by the TDCJ. *See Bell*, 994 S.W.2d at 175.

In his brief, Appellant argues that the trial court's cumulation of sentences requires a judicial determination, and thus, the trial court's modification of the order was an acknowledgement of a judicial error. But the authorities Appellant cites to support his contention were not applying Article 42.08(b). *See generally State v. Schmitt*, No. 05-10-00337-CR, 2011 WL 1126044 (Tex. App.—Dallas 2011) (mem. op., not designated for publication), *aff'd*, PD-0594-11, 2012 WL 3996813 (Tex. Crim. App. 2012); *Massey v. State*, No. 01-88-00862-CR, 1989 WL 31979 (Tex. App.—Houston [1st Dist.] 1989, no pet.) (not designated for publication).

Here, the trial court cumulated Appellant's sentence during its pronouncement. Neither the original judgment nor the judgment nunc pro tunc reflect that pronouncement. Thus, both judgments contain clerical errors. *See Alvarez*, 605 S.W.2d at 617; *Moore*, 51 S.W.3d at 358.

5

**Conclusion**

The trial court did not err in determining that the original judgment contained a clerical error because the trial court did not, and was not required to, specify the prior conviction on which Appellant's sentence was to be cumulated. However, the trial court's judgment nunc pro tunc also failed to accurately reflect its oral pronouncement. *See Alvarez*, 605 S.W.2d at 617. Accordingly, the judgment nunc pro tunc should be modified to conform to the trial court's oral pronouncement.

We sustain Appellant's first issue in part because the trial court erred by specifying a different prior conviction in its cumulation order, but overrule it in part because the cumulation order in the original judgment did in fact contain a clerical error.

## APPELLANT'S REMAINING ISSUES

In his second issue, Appellant contends the State improperly circumvented the direct appellate review process in favor of the nunc pro tunc procedure. Because the error was clerical, the State did not improperly circumvent the direct appellate review process. *See In re Hancock*, 212 S.W.3d 922, 927 (Tex. App.—Fort Worth 2007, no pet.) ("A judgment nunc pro tunc can be entered at any time[.]"). Accordingly, we overrule Appellant's second issue.

In his third issue, Appellant asserts the State was estopped from petitioning the district court to enter a judgment nunc pro tunc that would effectively amend a material term of the plea bargain agreement upon which he detrimentally relied.

When Article 42.08(b) applies, the sentence of the subject offense will never run concurrently with any other sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(b). This court's modification of the judgment nunc pro tunc reflects the trial court's pronouncement, which complied with Article 42.08(b). By pleading guilty to an offense committed while serving a sentence as an inmate, Appellant was aware that his sentence could not run concurrently. *See id.* The State was not estopped from having the trial court enter the judgment nunc pro tunc. We overrule Appellant's third issue.

## DISPOSITION

Having sustained Appellant's first issue in part, and having overruled his second and third issues, we ***modify*** the judgment nunc pro tunc to remove "the sentence assessed in cause no. F88-86965-JL, State vs. Ronnie Presley, in the Criminal District Court No. 5 of Dallas County, Texas

wherein the defendant was convicted of the offense of Aggravated Assault (Deadly Weapon)," and replace it with "any other sentence that Ronald Presley is currently serving." *See **Rawlins v. Rawlins***, 324 S.W.3d 852, 857–58 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (affirming judgment nunc pro tunc as modified). We ***affirm*** the trial court's judgment nunc pro tunc ***as modified***.

**BRIAN HOYLE**
Justice

Opinion delivered June 17, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 17, 2015

### NO. 12-14-00231-CR

### RONALD PRESLEY,
Appellant
V.
### THE STATE OF TEXAS,
Appellee

---

Appeal from the 3rd Judicial District Court
of Anderson County, Texas. (Tr.Ct.No. 31089)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's nunc pro judgment below be **modified as follows:**

> **remove** "the sentence assessed in cause no. F88-86965-JL, State vs. Ronnie Presley, in the Criminal District Court No. 5 of Dallas County, Texas wherein the defendant was convicted of the offense of Aggravated Assault (Deadly Weapon)," and **replace** it with "any other sentence that Ronald Presley is currently serving."

**and as modified**, the trial court's judgment nunc pro tunc is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

8